# ROBINSON *vs.* PARKER.

PLEADING AND PRACTICE; TRIAL; JUDICIAL DISCRETION; EVIDENCE; PARTNERSHIP.

1. The common law practice requiring that the plaintiff shall offer the whole of his evidence in support of the issue which he maintains; that the defendant shall then offer evidence to maintain his entire case, and that the plaintiff is then limited in reply to new matter only that has been raised in the defence, prevails in this District.

2. The discretion of trial courts in the application of rules of trial practice, is so large that its exercise will rarely be reviewed on appeal.

3. In a suit on a promissory note by several plaintiffs suing as co-partners, in which the issue is as to the existence of the partnership, the sworn statements of the plaintiffs in other suits denying the existence of the partnership, offered by the defendant after the plaintiffs have closed their case, constitute new matter which the plaintiffs are entitled to rebut.

4. If two or more persons, without a special or express agreement to form a partnership, contribute to a fund to be invested as occasion offers, in notes, stocks and the like, and agree to share the gains and losses thereof, they thereby become partners.

5. A prayer for instruction that if the jury should find the facts which they were instructed would constitute a partnership, "then they are instructed that such relationship could not be affected by subsequent declarations by any one or all of the parties concerned," is erroneous, as tending to exclude from the consideration of the jury the effect of such declarations upon the question of whether such facts actually existed.

6. A trial court is not required to amend or modify a prayer presented in an objectionable form, and its refusal is therefore not reversible error.

7. A special plea denying the existence of a partnership alleged by the declaration to have existed between the plaintiffs (under Rule 112 of the Supreme Court of this District, providing that the special character in which the plaintiff sues shall not be considered in issue or necessary to be proved, unless by special plea under oath as to the truth thereof, the same be denied), is not a technical plea in abatement, but a special plea of denial consistent with the ordinary pleas in bar provided for by the rules of that court and cognizable with them.

No. 659. Submitted April 27, 1897. Decided May 25, 1897.

HEARING on an appeal by the plaintiffs from a judgment on verdict in an action on a promissory note. *Reversed.*

The COURT in its opinion stated the case as follows:

The appellants, Bushrod Robinson, William L. Chery and Eugene F. Robinson, as plaintiffs, brought this suit in the Supreme Court of the District of Columbia May 12, 1896, upon a note made by the defendant, Henry B. Parker, July 15, 1892, and payable to the order of Robinson, Chery and Robinson. They alleged that they were partners under that name and style. The only plea of the defendant was a denial of the partnership verified as required by the rules of court. In order to prove the partnership, as alleged, Eugene F. Robinson, one of the plaintiffs, testified substantially: That plaintiffs had become partners on or before July 15, 1892, by an oral agreement, in the business of lending money, buying notes, real estate, and so forth; and that each contributed an equal share and was to share equally in the profits and losses. On cross-examination he was shown an answer filed by him and his coplaintiffs to a bill filed against them by said Parker on July 1, 1893, in cause No. 14,682, in equity, in the Supreme Court of the District of Columbia, and identified the signatures thereto, and said that he made oath to it.

Having read the answer, he was asked: " Did you not, in answer to the bill in this cause, say under oath that there was no partnership existing between your father, yourself,

and Mr. Chery—that you were simply joint owners of some money, and that this note was given for a loan of that money of which you were joint owners, and that there was no copartnership between you?" He answered: "I believe I did; yes, sir." He also said that he remembered joining in a bill with his father and Chery filed against said Parker and others in equity cause No. 14,877, in the Supreme Court of the District of Columbia, and identified his signature thereto. He was then asked: "Now that you have refreshed your recollection by reading the bill in the suit to which I refer, did you not in that suit swear that you were not part-ners, but that you were simply joint owners of a fund in bank?" He answered: "Yes."

He then stated that the two proceedings to which his attention had been called related to the note in controversy in this suit. He was then asked by plaintiffs' counsel to explain the circumstances under which he signed the answer in the equity cause, and said in reply that he had stated the case to his attorney, who drew the papers and witness signed them. He further said that, "as for the copartnership being a copartnership or partners, I left that to him as a law term; I did not know the difference between them." Plaintiffs rested their case, and defendant then offered in evidence the answer in equity cause No. 14,682, and the affidavit of the parties thereto, and read to the jury the eighteenth para-graph thereof, which contained the allegation that "the defendants, without being copartners in any business or undertaking, were the joint owners of a certain fund on deposit in the Ohio National Bank, which fund the defend-ants kept on deposit in their joint names, under the desig-nation Robinson, Chery and Robinson."

The remainder of the paragraph alleged that in June and July, 1892, Bushrod Robinson and William L. Chery were associated in business with said Parker in selling clothing in Washington, and then proceeded to state that said Parker, desiring to improve certain property, said Robinson, Chery

and Robinson advanced the money from time to time as the bills came in, out of said fund, and took the note (which is the same in controversy here), payable to said Robinson, Chery and Robinson, and denied that the note was taken by or belonged to the said Bushrod Robinson alone, as was alleged in the bill.   Defendant then read in evidence the third paragraph of the bill No. 14,877, filed by these plaintiffs against said Parker, July 11, 1893, as follows: " In the months of June and July, 1892, the complainants were the joint owners of a certain fund on deposit in the Ohio National Bank of Wáshington, which fund the complainants kept on deposit in their joint names, under the designation ' Robinson, Chery and Robinson.'"

Defendant having closed with the foregoing, the plaintiffs offered to introduce Bushrod Robinson and William L. Chery, and prove by them the circumstances under which said allegations had been made.   The witnesses were not allowed to testify on the objection made that the evidence was not admissible in rebuttal.   Plaintiffs took an exception, and the evidence was closed.

The court gave the following special instruction asked by the plaintiffs:

" 1.  If the jury find from the evidence that the plaintiffs created a common fund by mutual contributions, with a verbal agreement that the same should be used in the business of purchasing stocks and notes and making loans, under the firm name of Robinson, Chery and Robinson ; that it was agreed among them that they should share equally among them the profits and contribute equally to the losses, and that each had authority to manage the business on behalf of the others, then they are instructed that in contemplation of law the relation between the plaintiffs was that of partners, and their verdict should be for the plaintiffs."

Plaintiffs then asked the following special instruction, and excepted to its refusal:

" 2.  If the jury find from the evidence the facts which

they have been instructed by the first prayer constitute a partnership, then they are instructed that such relationship could not be affected by subsequent declarations by any one or all of the parties concerned, and their verdict should be for the plaintiffs."

The jury found for the defendant, and from the judgment rendered thereon plaintiffs have appealed, assigning two errors, founded on the exceptions taken as above stated.

*Mr. John Ridout, Mr. Henry C. Stewart, Jr.,* and *Mr. Mason N. Richardson* for the appellants:

1. The denial of the offer of proof in rebuttal was more than the refusal to grant a privilege. It was a question which involved more than the ordinary direction of the order of proof, and was the denial of a substantial right, and was therefore error. *Meacham* v. *Moore,* 59 Miss. 561; *Meyer* v. *Cullen,* 54 N. Y. 392; *Jones* v. *Smith,* 64 N. Y. 180; *Vanblaricum* v. *Ward,* 1 Blackford, 49; *Higginbotham* v. *Chamberlayne,* 4 Munford, 547.

2. Whether or not the necessary elements exist to constitute a partnership is a question of fact for the jury, and as to whether such facts when proved to exist are sufficient to create a copartnership, is a question of law for the court. A partnership may therefore exist even though the parties themselves may not know or do not believe that they are partners, or have not even considered what that relation may be. In this case the necessary elements to constitute a partnership are proven to have existed from the inception of the relations assumed between them. Their declaration then or the declaration of any one or all of them subsequent to the formation of such relation and subsequent to the advancement of the money for which the note sued on was given, was immaterial, and should have been excluded from the consideration of the jury, or at all events the jury should have been instructed in reference thereto in accordance with the plaintiff's second prayer for instructions, and the refusal

of this prayer was therefore error.  *Berthold et al.* v. *Gold-smith,* 24 Howard, 536; *Everitt* v. *Chapman,* 6 Conn. 347; *Cumpston* v. *McNair,* 1 Wend. 457.

*Mr. W. L. Cole* and *Mr. Wm. G. Johnson* for the appellee:

1. At common law, of course, the question of partnership *vel non* would have arisen under the general issue, but by the rule of the court below it became matter of abatement and not in bar.  *Cooper* v. *Coates,* 21 Wall. 105, 110.  For this reason the defendant was precluded from interposing any defence in bar, as that could not be united with the plea in abatement.

2. The plaintiffs were really estopped from asserting any partnership between them in this case as to this note transaction because, in two previous proceedings between the same parties with respect to the same subject matter, they had declared that there was no partnership between them. Where a party takes a position in one litigation with respect to a matter he is not at liberty in a subsequent litigation with the same party to change his ground and adopt the contrary position.  To permit this would be to permit a fraud, not only upon the party but upon the court, and has been twice ruled by the Supreme Court of the United States to be inadmissible.  *Railroad* v. *Howard,* 13 How. 336, 337; *Railroad Co.* v. *McCurthy,* 96 U. S. 267, 268.

The court, therefore, would have been justified in instructing the jury to return a verdict for the defendant.

The proof of the partnership rested upon the unsupported statement of one of these plaintiffs, which, it must be conceded by appellants, could not have been strengthened by any evidence in rebuttal, as they were unquestionably bound to exhaust all their proof of partnership in their testimony in chief.  There was therefore no preponderance in their favor, but the preponderance was the other way, and if a verdict had been rendered in their favor the court, unquestionably, would have been bound to set it aside.  It is well

settled that where the court can see that no other verdict than the one rendered could, in any view of the case, have been sustained, it will not reverse the judgment. *Lancaster* v. *Collins*, 115 U. S. 227; *Bank* v. *Bank*, 21 Wall. 301.

Mr. Justice SHEPARD delivered the opinion of the Court:

1. In order to prevent injurious surprises and annoying delays in the administration of justice, rules of practice, looking to the orderly introduction of evidence by the respective parties, are essential. The trial has its regular stages of process, and the evidence should be introduced with direct reference thereto. In many, if not a majority, of the States of the Union, the strictness of the common law practice in respect of the introduction of evidence in chief and in rebuttal has been much relaxed; and the plaintiff is only required to open his case fairly upon all his points with a reasonable number of witnesses. Having thereby made a *prima facie* case, he may reserve additional testimony to strengthen his case upon such points as may be seriously attacked by his adversary. On the other hand, the established practice of the common law that has prevailed in this District requires that the plaintiff shall offer the whole of his evidence in support of the issues which he maintains; the defendant shall then offer evidence in maintenance of his entire case; and the plaintiff is limited in reply to such new questions as shall have been first opened by the defendant. *Bannon* v. *Warfield*, 42 Md. 22, 39.

The purpose of all rules of practice is the facilitation of the enforcement of justice; and hence, when their strict application would tend to its obstruction, the trial courts, under the wide discretion entrusted to them in such matters, may and should make departures to meet the exigencies of particular cases. This discretion is so large and its exercise is so dependent upon circumstances and conditions that can rarely be fully appreciated outside of the trial court itself, that as a general, if not universal, rule it will be re-

garded as not subject to review in an appellate tribunal. *P. & T. R. Co.* v. *Stimpson*, 14 Pet. 448, 463; *Langdon* v. *Evans*, 3 Mackey, 6, 7. Therefore, if the foregoing rule applies with proper force to the facts presented on the bill of exceptions, there would be an end of the question. We are of the opinion, however, that it does not. Those facts come nearer falling within the rule of a class of cases where, as stated by Chief Justice Shaw: "It sometimes occurs that the evidence on re-examination would have been pertinent as original evidence in part, and in part is strictly rebutting." *Chadbourne* v. *Franklin*, 5 Gray, 312, 314. They make a case, indeed, much stronger than that stated.

The witnesses could have been called in the opening to testify to the existence of the denied partnership, in corroboration of their co-plaintiff, Eugene F. Robinson, and had that been the purpose of their call, after defendant had closed, their exclusion would not be error. So, likewise, had they been called merely to corroborate Eugene F. Robinson in the matter of his explanation of his own previous statements under oath, although his evidence was called out by the new matter offered in connection with his cross-examination by the defendant. Had the defendant contented himself with identifying the affidavit of Eugene F. Robinson, and then had introduced it in the course of his own case, that witness could properly have been introduced in rebuttal for the purpose of explaining the circumstances under which that admission or declaration had been made. But as it was called to his attention and read in the hearing of the jury on his cross-examination, he was called upon to explain it to them or lose his right to do so, by way of subsequent rebuttal. *P. & T. R. Co.* v. *Stimpson*, 14 Pet. 448, 461. Having elicited his explanation, plaintiffs closed their case. They were not compelled to anticipate the introduction of the sworn statement of the other plaintiffs. In support of his case the defendant read these sworn statements of Bushrod Robinson and William L. Chery from the

bill and answer in the former suits in equity.  Having
been read to the jury by the defendant in the maintenance
of his case as solemn admissions of the two parties, we think
they constituted new matter which the plaintiffs had the
right to call upon the proper witnesses to explain, if possi-
ble; and their exclusion was erroneous.

2. What may constitute the legal relation of partnership
between two or more persons in a given matter is a question
of both fact and law.   Persons may become copartners with-
out a special agreement for the purpose, by virtue of the
effect which the law gives to an undertaking for the use of
a common capital with division of profits and losses, in con-
tinuous transactions, though carried on in an incidental
manner.   Therefore, if the plaintiffs, without a special or
express agreement to form a partnership, contributed a fund
to be invested as occasion offered in notes, stocks and the
like, and agreed to share the gains and losses thereof between
them, they thereby become partners in the view of the law,
and the court properly instructed the jury to that effect as
requested by the plaintiffs.   *Ward* v. *Thompson*, 22 How.
330, 333; 17 Am. & Eng. Encyc. Law, 830 *et seq.*; 1 Lindley,
Part., 16 and 19; 1 Bates, Part., Secs. 17 and 26.

To enable the jury to give proper weight to the sworn
statements that the several plaintiffs had formerly made,
averring joint interest in the fund deposited to the credit of
"Robinson, Chery and Robinson," but denying that they
were copartners, it would have been proper, at the request
of the plaintiffs, to explain to them that if they believed the
plaintiffs had, in the beginning, agreed to operate with the
joint fund and share the profits and losses, they would be
partners in contemplation of law, whether or not they so
understood the effect of the agreement at the time; and, in
that event, the subsequent declarations of one or all that
they were not partners could not have operation to alter or
destroy that relation.   The legal effect of the agreement
under which the three parties operated did not rest on their

opinions in respect of it.    *Lintner* v. *Milliken*, 47 Ill. 178, 181.
This was, no doubt, the purpose sought to be subserved by
the special instruction asked by the plaintiffs, the refusal of
which is the foundation of the second assignment of error;
but it was not expressed with sufficient clearness therein to
require its submission to the jury.    It informed the jury
that if the partnership relation existed as defined in the first
special instruction given, it "could not be affected by subse-
quent declarations by any one or all of the parties concerned."
This was true, but not to the full extent that the jury might
have inferred from the unqualified terms of the instruction.
Those declarations, as we have seen, could not affect the
relations of the parties, if the facts averred of the original
agreement were found to be true.    But there was another
object in their introduction as evidence, and that was to
impeach the credibility of the witnesses in respect of the
facts testified to by them as constituting the said agreement,
and the jury should have had their attention called to the
distinction.    Considered in this second point of view, they
might possibly have affected the relations of the parties in
the opinion of the jury; and the defendant was entitled to
the benefit of whatever weight they might have given them.
As the instruction was not presented in an unobjectionable
form, the court was not required to amend it, and its refusal
therefore does not constitute reversible error.

3. As this case must be remanded for a new trial, a ques-
tion of practice appears in the record that deserves consid-
eration, for it may be made the subject of exception, although
not now formally raised.    It was assumed on the trial, and
not controverted, that the denial of the partnership of the
plaintiffs, filed by the defendant in the form of a special
plea, was a plea in abatement strictly, and in consequence
could not be accompanied by an ordinary plea in bar.    Is
this a correct view of the nature and function of this spe-
cial plea denying partnership as alleged?    According to
the immemorial rule of the common law practice, the plain-

tiffs, alleging a partnership, were compelled to prove it in order to maintain their case. To prevent useless consumption of time in making formal proof of facts about which there was no real controversy, the Supreme Court of the District of Columbia, under the power vested in it by Congress, adopted a rule for the purpose. That rule reads: "The special character in which the plaintiff sues shall not be considered to be in issue or necessary to be proved, unless, by special plea under oath as to the truth thereof, the same be denied." Com. Law Rule, 112. A plea in abatement, properly so called, sets up an independent fact that, if true, puts an end to the action without regard to the merits. Having pleaded the fact in abatement, the defendant is required to prove it. It does not put the plaintiff upon proof of anything that he was not required to prove without it. The special plea denying partnership as alleged requires no proof in its support. Its sole purpose and effect is to put the plaintiff upon proof of that which, before the adoption of the rule, he was compelled to prove without a special denial. We do not think this rule should be regarded as changing or affecting the manner and order of pleading, but rather as a rule of evidence governing in the trial. The rule aforesaid was no doubt suggested by the statutes prevailing in many of the States at the time of its adoption, whereby, in order to prevent unnecessary costs and consumption of time, presumptions were raised of the truth of certain formal allegations, unless they should be specially denied under oath. A statute of that purport, enacted in Illinois, and which is set out in part in *Cooper* v. *Coates*, 21 Wall. 105 —a case cited by the appellee—was construed by the Supreme Court of that State, at a very early day, to make no change in the rules of pleading. *Stevenson* v. *Farnsworth*, 1 Gilman, 715, 717. The rule of our court having been devised to remedy a specific mischief, its construction ought to be as liberal as its terms will admit. Its efficacy would be much impaired if an attempt to avail one's self of it

must be treated as a technical plea in abatement, and subject to all the incidents of such a plea under our practice.

We are of opinion, therefore, that the denial of the partnership in this case is not to be regarded as a technical plea in abatement; but as a plea of special denial consistent with the ordinary pleas in bar, provided for by the rules and cognizable with them.

For the error pointed out the judgment will be reversed, with costs to the appellants, and the cause remanded, with directions to set aside the verdict and award a new trial, It is so ordered.                    *Reversed and remanded.*