Charles C. Hall *et al. vs.* City of Providence.

JUNE 6, 1923.

Present:　Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

*(1)　Eminent Domain.　Damages.*

The measure of damages to be awarded as compensation for property taken in eminent domain proceedings is the market value of the property, and where the market value could not be determined by evidence of sales of similar estates in the same section, evidence was properly admitted of the cost of improvements as one of the elements to be considered by the jury in estimating petitioner's damage.

*(2)　Eminent Domain.　Damages.*

On the question of the value of the property taken in condemnation proceedings, evidence of a qualified witness that price paid by petitioner for improvements to the property was reasonable, was properly admitted.

Petition for assessment of damages in condemnation proceedings. Heard on exceptions of respondent and overruled.

Sweetland, C. J.　This is a petition for the assessment by jury of the petitioners' damages caused through the taking by the respondent of a tract of land and the improvements thereon which belonged to the petitioner Charles C. Hall. Said taking was in condemnation proceedings under the provisions of Chapter 1278 of the Public Laws, 1915, entitled "An Act to Furnish the City of Providence with a Supply of Pure Water." The petitioner Clara L. Hall, wife of Charles C. Hall, at the time of the taking, had an inchoate right of dower in said property.

The petition was heard before a justice of the Superior Court sitting with a jury. The jury by its verdict assessed the petitioners' damages at $53,500 with interest. The respondent duly filed a motion for new trial which was denied by said justice. The case is before us upon the respondent's exception to the decision of said justice on the motion for new trial, and upon certain exceptions taken by the respondent to rulings of said justice made in the course of the trial.

It appears that the property in question consisted of a highly improved farm of about seventy-one acres on which were three well-appointed dwelling houses, a garage, a water supply system, an acetylene gas plant, ice house, barns, several young orchards and other appurtenances, the whole constituting a valuable country estate. The property was used for that purpose by Mr. Hall, whom we will hereafter refer to as the petitioner.

A number of the respondent's exceptions are to rulings of said justice permitting the introduction of evidence as to the cost of improvements placed upon the property by the petitioner. This evidence was offered by the petitioner for the purpose of assisting the jury in determining the market value of this property. The measure of damages to be awarded as compensation for property taken in eminent domain proceedings is the market value of the property. The jury were so instructed by the justice presiding. The exceptions now under consideration involve the question as to whether, in the circumstances of this case, the jury should be permitted, in determining market value, to consider the amount expended by the petitioner in placing the property in the condition in which it was at the time of its condemnation. There was difficulty in determining the true market value of this property. Many of the leading real estate brokers in Providence testified at the trial, yet none knew of sales of similar country estates in the town of Scituate or in that section of the State. Their opinions as to the market value of this property were based upon their knowledge of sales of ordinary farms or of property of much less value, and of necessity were estimates drawn from the witnesses' general experience and were not based upon actual sales of similar estates in like situations. In such circumstances, the market value of the estate in question could not be determined by reference to previous sales of similar properties, in the open market, between willing buyers and willing sellers. The justice presiding properly allowed the petitioner to submit evidence of the cost of the improvements

as one of the elements to be considered by the jury in estimating the petitioner's damage.   *Levenson* v. *Boston Elevated Railway,* 191 Mass. 75;   *Matter of City of New York,* 198 N. Y. 84;   *Park Commissioners* v. *Boal,* 232 Ill. 248.

We find no error in the ruling of said justice permitting the petitioner to testify that his estimate as to the value of the estate was less than its cost to him.

The respondent excepted to the ruling of said justice premitting the witness Bickford to give evidence that the price which the petitioner paid for the improvements on the estate was reasonable.   The value of evidence as to cost of improvements depends upon the suitability of such improvements to the estate, and also upon the good judgment and good faith with which the expenditures have been made. The witness Bickford is a contracting engineer, admittedly of wide experience.   His testimony that the prices paid by the petitioner were reasonable was properly admitted to assist the jury in placing a fair value upon such improvements as an element in determining the question of damages.

The respondent's exception to the ruling of said justice permitting the witness Hopkins to testify as to the value of said estate is without merit.   From his experience the witness was qualified to give evidence as an expert in farm values.   The objection of the respondent does not go to the admissibility of the testimony but might be made the basis of argument to the jury as to its weight.

The amount of damages awarded has been approved by said justice and from an examination of the testimony we are of the opinion that his decision should not be disturbed upon the respondent's exception.

All the respondent's exceptions are overruled and the cause is remitted to the Superior Court with direction to enter judgment upon the verdict.

*Curtis, Matteson, Boss & Letts.   Harry C. Curtis, Ira L. Letts, Pierce H. Brereton,* for petitioners.

*Elmer S. Chace, City Solicitor, Herbert E. Eklund, Assistant City Solicitor,* for respondent.