(117 So. 275)

No. 28059.

**TEXAS PACIFIC–MISSOURI PACIFIC TERMINAL RAILROAD OF NEW ORLEANS v. ELLIOTT.**

May 7, 1928.

John E. Fleury, of Gretna (William C. Dufour and John St. Paul, both of New Orleans, of counsel), for appellant.

F. A. Middleton, of New Orleans, for appellee.

THOMPSON, J. This is an expropriation suit, and the property involved is an unimproved lot situated at the corner of Adams and Anson streets in the town of McDonoughville, parish of Jefferson. The lot fronts 64 feet on Adams street, with a depth of 160 feet, English measure.

The right of the plaintiff to obtain judicially a fee-simple title to the land is not questioned. The contest is as to the value of the land.

The plaintiff offered $1,800, the defendant claimed $4,000, and the jury of freeholders awarded $3,500. The plaintiff has appealed on the hypothesis that the verdict of the jury is grossly excessive.

Our consideration of the case has led us to the conclusion that the amount allowed is out of proportion, and somewhat in excess of the value of other property in the same town of like character and similarly situated, which has been the subject of recent sales.

█ It has long been the rule in this state that the jurors in such proceedings possess to a certain degree the character of experts, having personal knowledge of the value of the property which they are called upon to fix. Great weight is therefore accorded to the verdict of the jury, and courts are loth to reverse them.

Yet, at the same time, the verdict is subject to review on appeal, and the court is charged with the duty of reducing or of increasing the amount fixed by the jury, where it appears that a gross or manifest error has been committed.

The only witness sworn in the case on the question of value was the defendant. She fixed the value of the property at $4,000, and one of the reasons given was that the railroad separates her property from property on the opposite side towards the river, and the town has been moving back from the river. She further takes into consideration a sale made to John St. Paul March 29, 1926, at the price of .2986 per square foot, and a sale by Meyer to Miss Lange of a lot of similar dimensions for $2,000.

The other evidence pertaining to the value of the property consists of eleven deeds, evidencing sales of property in the same town made during the years 1925 and 1926. Six of these deeds were purchases by the plaintiff for the same object and purpose for which the property in the instant case is desired.

The lowest price contained in any of these deeds is .1171 per square foot, and that was a sale to the parish school board. The highest price paid in any of the deeds was .2986.

█ It has been frequently said by the courts that the criterion of value is the market value of the property at the date of the institution of the suit for expropriation, taking into consideration the use to which the property may be applied and all the uses to which it is adapted, excluding any increment of value occasioned by the proposed construction work or work of public utility for which the property is wanted.

And the market value is said to mean a fair value of the property between one who wants to purchase and one who wants to sell, under usual and ordinary circumstances.

The test is of difficult application, however, under the facts presented in this case, if the court is to be guided by the value as evidenced by sales of property in the same vicinity or town, for, as stated, six out of the eleven deeds introduced in evidence were purchases by the plaintiff. The vendors in those cases sold, not because they wanted to,

but because of the fact that they could be forced to give up their property. On the other hand, the plaintiff needed the property for its railroad purposes.

 Therefore, while such sales are entitled to consideration, and, it might be said, are important factors in determining the market value, they cannot be accepted as always controlling. The court in this case, therefore, must of necessity have recourse to other considerations in determining the value to be placed on the defendant's property.

The defendant purchased the property in January, 1921, for $1,200. She put out on the property $741.43 for filling in and for paving. She has paid the taxes on the property for some seven years, and a fair interest on the investment would bring her outlay to approximately $2,500. It is conceded that property has greatly enhanced in value since the purchase by the plaintiff.

It will be observed, therefore, that, if we were to measure the value of the property according to the average price of the sales filed in evidence, the defendant would lose considerably by her investment.

If an arbitrary rule was established, such as contended for here, few people would be found who would invest their money in real estate, knowing that possibly at some future date they would be forced to surrender the property for some purpose of public utility at a value which would entail a loss rather than a profit on the investment.

We have concluded to reduce the amount allowed by $500.

It is, for the reasons stated, adjudged and decreed that the judgment appealed from be amended by reducing the same to $3,000, and as thus amended, said judgment be affirmed, the defendant to pay the costs of this appeal.

ST. PAUL, J., recused.