HARRY SHAW *et als. v.* MONONGAHELA RAILWAY COMPANY

(No. 6735)

Submitted February 11, 1931. Decided February 24, 1931.

*Frank C. Haymond* and *Rollo J. Conley,* for plaintiff in error.

*Victor H. Shaw,* for defendant in error.

MAXWELL, JUDGE:

Defendant complains of a judgment against it, on verdict, for $11,756.25. The action is for damages to an unimproved lot in the city of Fairmont, caused by the erection by defendant's predecessor, Buckhannon & Northern Railroad Company, of an overhead bridge or viaduct in front of said property and in the immediate proximity thereof.

The first error assigned pertains to plaintiffs' instruction No. 6, wherein the jury were told that if they found from the evidence that the plaintiffs were entitled to a recovery, then "the plaintiffs are entitled to 6% interest per annum upon the amount of said damages ascertained as aforesaid from the date of such injury to their said real estate to the date of your verdict." The distinguished and able lawyer who presided as special judge in the trial of this case permitted himself to fall into error on this somewhat involved question of interest in its relation to damages. There undoubtedly are situations in which the allowance of interest from date of injury to, or misappropriation or destruction of, property to the date of verdict may properly be included, but not so in a case such as at bar.

> "Interest is denied when the demand is unliquidated for the reason that the person liable does not know what sum he owes, and therefore cannot be in default for not paying. Gross damages which are wholly at large, depending on no legal standard, and which are referred to the discretion of a jury, can never be made certain except by accord or verdict There can be no default in respect to their payment and they are never enhanced by interest. But demands based upon market values susceptible of easy proof, though unliquidated until the particular subject of the demand has been made definite and certain by agreement or proof, are not so uncertain that no default can be predicated *of* any delay in making payment. A demand is unliquidated if one partly alone cannot make it certain,—when it cannot be made certain by mere calculation; but the allowance of interest as damages is not dependent on this rigid test." 1 Sutherland on Damages, (4th Ed.), sec. 347.

"As a general rule, interest is not recoverable in tort actions in the absence of a statutory provision to the contrary, for the reason that such damages are ordinarily unliquidated in their character." 8 Ruling Case Law, page 536.

Many cases are in accord. This general rule is to be contrasted with that found in cases where the amount of the injury is definitely ascertainable as of a fixed time. In such instances, interest by way of damages for withholding compensation may be allowed as of right. 17 Corpus Juris, page 826. Such were the situations in our cases of *McCullough* v. *Clark*, 88 W. Va. 22; *Gas Company* v. *Gas Company*, 84 W. Va. 449, and *Cresap* v. *Brown*, 82 W. Va. 467. In those cases interest was allowed from the date of the wrong to the date of the fixing of the amount of the recovery. In each of them, however, the general rule as above stated was recognized, but it was not applied because of the presence of certainty and exactitude of basis for amount of recovery as of the date of the wrong. In *Gas Company* v. *Gas Company*, *supra*, JUDGE RITZ observed in discussion: " * * * ordinarily interest is not recoverable as a part of unliquidated damages, * * *. " The cases do not seem to make distinction between actions *ex contractu* and actions *ex delicto*. If the damages are unliquidated and no definite basis of calculation is available, the reason for the rule is the same in both classes of cases. See *Brugh* v. *Shanks*, (Va.) 5 Leigh. 598, which was a tort action; and *Coburn* v. *Goodall*, (Cal.) 1 Am. St. Rep. 75, and *Cox* v. *McLaughlin*, (Cal.) 18 Pac. 100, actions *ex contractu*.

Counsel for plaintiffs, however, vigorously urge that this court is committed to a different rule because in each of the cases of *Fleming* v. *Railway Co.*, 82 W. Va. 1, and *Crowl* v. *Railroad Co.*, 92 W. Va. 188, there was involved, *inter alia*, an instruction of the plaintiff informing the jury that if they found for the plaintiff they might include interest from the date of the injury to the time of verdict, and in neither of the cases was the instruction as to interest held to be erroneous. Suffice it to say, however, that careful examination of the records and briefs in those cases discloses that in neither the assignments of error nor in the briefs of counsel was the

question of interest raised. The court did not specifically consider that question in either case. In neither case did the matter of interest constitute the principal proposition in an instruction, but in each case the reference to interest appeared at the end of a somewhat lengthy instruction. Both court and counsel seem to have overlooked the significance and importance of the matter.

In the case at bar there was no possible basis of calculation afforded to the defendant upon which it could have determined even the approximate amount which it owed the plaintiffs by reason of the injury of which the plaintiffs complain in this action. Such amount remained entirely at large and was dependent for ascertainment upon a jury's finding upon conflicting opinion evidence. There could therefore be no substantial basis nor controlling reason for the allowance of interest prior to the date of the jury's verdict. The question of interest is here very important in view of the fact that the case was not tried for about fourteen years after the erection of the viaduct.

Another point of error goes to the admission of evidence on behalf of the plaintiffs, over the objection of defendant, as to prices paid by defendant for other pieces of property in the immediate vicinity of the plaintiffs' property. The rule as to such evidence was settled in *Railroad Co.* v. *Bonafield*, 79 W. Va. 287, wherein syllabus 6 states: "In ascertaining the value of land taken, the price voluntarily paid, by the applicant, to another land-owner for land similarly situated, is proper evidence to be considered by the jury, where damages to the residue are not involved. Distinguishing *Buckhannon & Northern R. R. Co.* v. *Great Scott Coal & Coke Co.*, 75 W. Va. 423." In the instant case, the evidence with reference to other purchases by the defendant pertains to transactions involving the entirety of the respective properties acquired without reference to damages to the residue, and in that particular, therefore, the evidence comes within the rule of the *Bonafield* case. Whether these purchases were voluntarily made by the railroad company, or whether they were the result of compromise, or whether as is intimated they were "hold-up" prices was a question of fact for the jury.

We, therefore, perceive no error in the admission of this evidence.

By the last point of error the right of the plaintiffs to recover at all from the defendant in this action for the alleged wrong is challenged, even if it be conceded that plaintiffs' property has been damaged by the erection of the bridge, because it is said the damage was caused by the defendant's predecessor, the Buckhannon & Northern Railroad Company, which built the bridge. On this proposition the defendant relies on our case of *Byrne* v. *Public Service Company,* 106 W. Va. 594. In that case, we held that the defendant was not liable in damages for injury to the plaintiff's residential property in the city of Sutton caused by vibration from the operation of its electric generating plant because the said cause of action was permanent and original and accrued to the plaintiff against the defendant's predecessor in title when it erected the plant and set it in operation. In the case at bar, however, we have a very different situation. We are confronted here with a state of facts which disclose that the defendant and the Buckhannon & Northern Railroad Company did not occupy the position and relationship of seller and purchaser, but that their contract was one of merger of their holdings and interests. In their contract of November 24, 1914, it is recited that the interests of the several companies will be promoted, and their ability to perform their duty to the public as common carriers will be increased by a merger and consolidation of the capital stock, franchises, railroads and properties of the said two companies into one new consolidated company; and it was agreed that "The capital stock, franchises, railroads, and estates, real, personal and mixed, of the said Monongahela Railroad Company and the said Buckhannon & Northern Railroad Company shall be and they are hereby united, merged and consolidated, to be hereafter known, owned and controlled or operated as and by one railroad company. * * * The name of the said company shall be The Monongahela Railway Company." "A consolidated corporation is answerable for the debts, obligations, and liabilities of the constituent corporations, whether arising *ex contractu* or *ex delicto*." 14-A Corpus Juris, page

1072. This principle of law is so well settled that further citations of authority are unnecessary.

It is unnecessary to consider other assignments of error relied upon because two of them pertain merely to incidents of the trial not likely to arise on a re-trial; the remaining one goes to alleged excessiveness of the verdict, and is, of course, eliminated by the reversal.

Because of the erroneous prejudicial instruction as to interest, we reverse the judgment, set aside the verdict and remand the case for a new trial.

*Reversed; verdict set aside; new trial awarded.*