## MARYLAND CASUALTY CO. v. CITIZENS STATE BANK OF TUPELO, MISS.

### No. 8045.

Circuit Court of Appeals, Fifth Circuit.
June 1, 1936.

Edw. B. Klewer and Frank J. Glankler, both of Memphis, Tenn., and Millard E. Lee, of Selmer, Tenn., for appellant.

Guy Mitchell, of Tupelo, Miss., for appellee.

Before FOSTER, SIBLEY, and HUTCHESON, Circuit Judges.

HUTCHESON, Circuit Judge.

The suit was on a burglary insurance policy for the value of drainage district bonds burglariously taken from the bank. The defense under the general issue was that the bonds were without value. Tried to a jury, the result was a verdict for plaintiff, fixing the value of the bonds at $15,000, a remittitur of $4,000 by and a judgment for plaintiff for the amount thus fixed.

Defendant appealing, assigns as error the exclusion of proffered evidence on the issue of value, the refusal to direct a verdict, the entry of judgment and the refusal to grant a new trial, all for want of evidence of value. Also assigned as error is the requirement of a remittitur of only $4,000, instead of $7,000 or $8,000, in view of the judge's opinion, expressed in passing on the motion for new trial, that the verdict was excessive, and that the bonds were worth only some seven or eight thousand dollars.

Appellee counters the claims of the assignments on want of evidence with the confident assertion that there was positive evidence of value not only to take the case to the jury for some verdict, but fully sustaining the verdict rendered. It opposes the claims of error in the exclusion of evidence on the ground (1) that the evidence offered was irrelevant and inadmissible, since it had to do with tax delinquencies and sales of portions of the property made after plaintiff had lost the bonds by burglary, and defendant's liability on them had accrued. (2) That if relevant at all as a circumstance tending to show the value of the bonds when they were stolen, it was only so remotely, and whether it should be admitted or not rested in the sound discretion of the trial court. It replies to the claimed error of the trial judge in requiring a remittitur of only $4,000, that this too, is a matter confided to that court's discretion, and appellant may not complain here either of the excessiveness of the verdict, or of the action of the trial court in regard to that excessiveness.

We agree with appellee. The case was a typical one for a jury. The bonds, negotiable in form and in fact, were those of a small special drainage district, created under the laws of Tennessee. By those laws their only security was the value of the lands up to the assessments against them. At the time of the burglary some of the lands, to wit, 95 acres out of more than a thousand, in that district had completely discharged their assessments. Others were delinquent, and had been sold for delinquency and the general state of their security and the narrowness of the market for the bonds was such that they had no market value. They had a value though, determined by the value of the lands against which they stood charged.

Plaintiff in addition to relying on the prima facie value the face of the bonds imports offered definite and positive evidence as to the value of the lands they were charged upon in support of its claim that the bonds were fully worth their face. Defendant offered evidence which, if believed, established that the bonds were not worth near that sum. This evidence took the form of opinion evidence of the value and the delinquent condition of the lands as to tax and bond payments. Its evidence, if believed, made a very strong case for a very small value. All of this evidence, however, was submitted to and heard by the jury under a charge not excepted to, and therefore it must be presumed, presenting to the satisfaction of the defendant, all of its theories and defenses. In addition to the opinion evidence, there was evidence as to the character and value of the land, and the jury was en-

titled to its own opinion in aid or in despite of the opinion evidence. United States v. Monger (C.C.A.) 70 F.(2d) 361, 363. The jury found the issue of value for plaintiff:

The District Judge, in refusing a motion for new trial, gave it as his opinion that the evidence had shown the bonds to be worth only seven or eight thousand dollars, not more than half the value the jury found, and feeling that the verdict was excessive, he ordered a $4,000 remittitur. Nothing in either the evidence itself, nor in the expressed attitude of the court regarding it, at all supports the contention of appellant that there was no evidence of value. Appellant does make a strong showing on its contention that even as reduced by the remittitur the verdict was excessive, but it makes out no such clear case of a denial of justice as would justify this court in granting the extraordinary relief of reversing the judgment because a grievously unjust result had occurred. Dillingham v. U. S.(C.C.A.) 76 F.(2d) 36; Maryland Casualty Co. v. Reid (C.C.A.) 76 F.(2d) 30; Boyett v. United States (C.C.A.) 48 F.(2d) 482. It does not at all make out a case on its point that for want of evidence on the issue of value, a verdict should have been directed in its favor.

▉ Nor is appellant in any better case in its reliance for reversible error upon its assignments as to the exclusion of evidence of the tax delinquent condition of the lands after the date of the robbery. The question at issue was the value of the bonds at the time of the robbery and the evidence was full as to the condition the land was in as to assessments and delinquencies at that time. This showed that half of the lands in the district had been totally in default as to payments of assessments from the time of the district's organization, and that the bank had in 1926 bought in 635 acres of the land at a delinquent drainage assessment sale. The testimony objected to and excluded merely carried the condition of the lands down to the date of the trial. If that evidence was at all legally relevant upon the issue of the value of the bonds at the time they were stolen, its relevancy was remote and problematical and whether it should have been admitted was discretionary with the District Judge. Exclusion of such evidence is not reversible error, unless it is made plainly to appear that discretion was abused, and that its abuse has affected the substantial rights of the parties: Royal Insurance Co. v. East-

ham (C.C.A.) 71 F.(2d) 385. Neither abuse of discretion in nor substantial prejudice from the exclusion of this evidence is made to appear.

No reversible error appearing, the judgment is affirmed.