**UNITED STATES ex rel. and for Use of TENNESSEE VALLEY AUTHORITY v. REYNOLDS et al.**

No. 9485.

Circuit Court of Appeals, Fifth Circuit.

Nov. 12, 1940.

Benj. H. Craig, of Florence, Ala., William C. Fitts, Jr., of Knoxville, Tenn., and H. James Hitching, of Chattanooga, Tenn., for appellant.

Clopper Almon and Jos. H. Nathan, both of Sheffield, Ala., for appellees.

Before HUTCHESON, HOLMES, and McCORD, Circuit Judges.

HUTCHESON, Circuit Judge.

Proceeding under Section 831x,[1] Title 16 U.S.C.A., the United States, depositing as its estimate of just compensation, $4,143.41, brought this proceeding to condemn land for the use of the Tennessee Valley Authority. The commissioners conducted a hearing, took testimony, personally inspected the property and rendered an award of $4,543.75. The statutory court of three judges in its turn, awarded $5,443.75. In doing so the judges did not view the property as they had, under the statute, a right to do. They heard the matter upon the proceedings had before the commissioners, the testimony of two additional witnesses, and upon unsworn statements made by counsel in response to questions by the court, concerning prices paid by the government for other lands required in that vicinity and particularly concerning the award of $5,554.60, made by the commissioners and paid by the government for an adjoining tract, set apart to Rosa May Reynolds, the landowner's sister, in a purported equal division of an estate. Dissatisfied with the award, the United States has appealed and here complaining of it, insists that it was erroneous both in amount and in the manner of ar-

---

[1] "It shall be the duty of such commissioners to examine into the value of the lands sought to be condemned, to conduct hearings and receive evidence, and generally to take such appropriate steps as may be proper for the determination of the value of the said lands sought to be condemned, and for such purpose the commissioners are authorized to administer oaths and subpœna witnesses, which said witnesses shall receive the same fees as are provided for witnesses in the Federal courts. The said commissioners shall thereupon file a report setting forth their conclusions as to the value of the said property sought to be condemned, making a separate award and valuation in the premises with respect to each separate parcel involved. Upon the filing of such award in court the clerk of said court shall give notice of the filing of such award to the parties to said proceeding, in manner and form as directed by the judge of said court.

"Either or both parties may file exceptions to the award of said commissioners within twenty days from the date of the filing of said award in court. Exceptions filed to such award shall be heard before three Federal district judges unless the parties, in writing, in person, or by their attorneys, stipulate that the exceptions may be heard before a lesser number of judges. On such hearing such judges shall pass de novo upon the proceedings had before the commissioners, may view the property, and may take additional evidence. Upon such hearings the said judges shall file their own award, fixing therein the value of the property sought to be condemned, regardless of the award previously made by the said commissioners.

"At any time within thirty days from the filing of the decision of the district judges upon the hearing on exceptions to the award made by the commissioners, either party may appeal from such decision of the said judges to the circuit court of appeals, and the said circuit court of appeals shall upon the hearing of said appeal dispose of the same upon the record, without regard to the awards or findings theretofore made by the commissioners or the district judges, and such circuit court of appeals shall thereupon fix the value of the said property sought to be condemned."

riving at it. Urging primarily: that upon the evidence in the record, properly to be considered, the award of the District Judges exceeds just compensation for the property condemned; and secondarily that it was thus arrived at because the judges erroneously took into consideration, unsworn statements of amounts paid by the United States for other properties, and particularly the award of the commissioners and the payment to Rosa May Reynolds; it asks us under the statute to fix the value of the property condemned without regard to the awards or findings theretofore made by the commissioners and the District Judges. Contrasting the testimony of its witnesses, two land appraisers in the employ of the Tennessee Valley Authority, and two farmers and landowners living in the neighborhood of the land condemned, with the testimony of the landowner and his witnesses, the United States insists that its testimony presents a fair and reasonable effort by persons familiar with values to fix a reasonable value on the land while that of the landowner and of all but one of his witnesses, based largely upon what they thought the land would produce, was speculative and without real probative value.

Pointing out that the landowner's witnesses, except one who fixed the value at from $4,800 to $5,000, and one who put it at $6,480, put it at $8,640, and that the award of the District Judges was $5448, the government insists that it is perfectly plain that that award was not based upon a consideration of the values as testified to by either its witnesses or those of the landowner, but was an effort to equalize the landowner's award with that of his sister.

■ We think it too clear to require citation of authorities, that neither the award made to Rosa May Reynolds nor the amounts paid by the government for other tracts acquired by it for the project, was admissible in evidence in this proceeding, and that no consideration should have

been given to it by the District Judges, and none can be given by us. We think it equally clear that the award of the District Judges was based upon a consideration of these matters, particularly the Reynolds award. If therefore, this were an ordinary appeal and we sat in it as a court of errors, we should sustain the specifications directed to the reception of this evidence and reverse the cause. By the terms of the statute, however, this is not such an appeal.

■ This court sits here in no sense as a court of errors. Its function and duty as expressly prescribed by statute is to dispose of the matter on the record without regard to the awards or findings theretofore made by the commissioners and District Judges and thereupon fix the value of the property sought to be condemned.

■ Proceeding to that task and disregarding, in doing so, the mass of irrelevant statements adduced on the hearing before the judges, we have reached the conclusion that since the value is not capable of being arrived at with mathematical accuracy, indeed, the determination of value can be no more than a fair approximation, perhaps the best guide for us to follow is the testimony of the landowner's witness, Rhine. Engaged off and on for thirty years in the business of production of lumber and sale of real estate, farm and timber lands, closely and intimately familiar with the land in controversy, and knowing and able to appraise the difference in value between this and the Reynolds' tract, he values the land at between $4,800 and $5,000.

Disinterested, equipped and competent and tendered by the landowner, his evidence, considered in the light of all of the other testimony in the case, seems to us to furnish perhaps the fairest and best guide to a just solution. We accordingly fix the value as he fixed it, at between $4,800 and $5,000, to-wit, $4,900, and order judgment entered for the landowner accordingly.