**HANNAN et al. v. UNITED STATES.**

No. 7771.

United States Court of Appeals for the
District of Columbia.

Decided June 29, 1942.

Rehearing Denied Aug. 7, 1942.

STEPHENS, Associate Justice, dissenting in part.

Mr. William T. Hannan, of Washington, D. C., for appellants.

Mr. W. Robert Koerner, Attorney, Department of Justice, pro hac vice, by special leave of Court, with whom Norman M. Littell, Assistant Attorney General, and Messrs. Charles R. Denny, Jr., and Alexander H. Bell, Attorneys, Department of Justice, all of Washington, D. C., were on the brief, for appellee.

Before STEPHENS, MILLER and RUTLEDGE, Associate Justices.

MILLER, Associate Justice.

■ This appeal is from a decree of the District Court in a condemnation proceeding involving the site of the War Department Building in Washington, D. C. The Government contends that, by reason of their failure to move to set aside the verdict and for a new trial, appellants are foreclosed from maintaining this appeal. But this contention cannot be sustained. We held in Walker v. Hazen,[1] that when condemnation proceedings are brought in the name of the District of Columbia such failure bars an appeal. But this result was reached under a section of the Code,[2] pertinent to such proceedings and not pertinent to condemnation proceedings for the acquisition of land in the District for use of the United States.[3] Proceedings of the latter character are governed by entirely different sections of the Code.[4]

■ In Willis v. United States,[5] we reviewed, historically, the legislation which eventuated in the divergent and mutually exclusive[6] procedures now required to be followed by the two governments. The sections which govern proceedings brought for the use of the United States contain no counterpart of Section 46, which was interpreted in Walker v. Hazen. Such provisions as appear in those sections, concerning motions for new trial and other proceedings after verdict,[7] are permissive; in sharp contrast to the provisions of Section 46. And the only specified condition of appeal is that it shall be by a party aggrieved by a final judgment.[8]

■ Evidence was offered to prove the price which was paid by the United States, following negotiation and purchase, for some of the parcels, other than those of appellants, which constitute the site of the new War Department Building in Washington, D. C. The offer was rejected by the District Court. Appellants, relying upon the case of Washington Home for Incurables v. Hazen,[9] assign this ruling as error. Assuming the admissibility of the evidence,[10] it does not appear that its exclusion in the present case was error. In the first place, the burden is upon the party who offers such evidence to establish as a preliminary fact[11] that the purchase, concerning which evidence is offered, was made without compulsion, coercion or compromise.[12] In the present

[1] 67 App.D.C. 188, 190, 90 F.2d 502, 504, certiorari denied 302 U.S. 723, 58 S.Ct. 44, 82 L.Ed. 559. See also, Shannon & Luchs Const. Co. v. Reichelderfer, 61 App.D.C. 36, 57 F.2d 402.

[2] D.C.Code (1929) tit. 25, § 46.

[3] See Willis v. United States, 69 App. D.C. 129, 131, 99 F.2d 362, 364.

[4] D.C.Code (1929) tit. 25, §§ 100–110o.

[5] 69 App.D.C. 129, 130, 99 F.2d 362, 363.

[6] D.C.Code (1929) tit. 25, §§ 50 and 110o.

[7] D.C.Code (1929) tit. 25, §§ 110e, f, g.

[8] D.C.Code (1929) tit. 25, § 110i. See also, Federal Rules of Civil Procedure, Rule 46, 28 U.S.C.A. following section 723c.

[9] 63 App.D.C. 185, 70 F.2d 847.

[10] See O'Malley v. Commonwealth, 182 Mass. 196, 65 N.E. 30; Eames v. Southern New Hampshire Hydro-Electric Corp., 85 N.H. 379, 159 A. 128. Cf. Albert Hanson Lumber Co., Ltd. v. United States, 261 U.S. 581, 589, 43 S.Ct. 442, 67 L.Ed. 809. Contra: United States ex rel. and for Use of Tennessee Valley Authority v. Bailey, 5 Cir., 115 F.2d 433, 434; United States ex rel. and for Use of Tennessee Valley Authority v. Reynolds, 5 Cir., 115 F.2d 294, 296; Wise v. United States, D.C.W.D.Ky., 38 F.Supp. 130, 134; United States v. Beaty, D.C., W.D.Va., 198 F. 284, 291, reversed on other grounds, 4 Cir., 203 F. 620, writ of error dismissed on procedural ground, 232 U.S. 463, 34 S.Ct. 392, 58 L.Ed. 686; United States v. Freeman, D.C.D.Wash., 113 F. 370, 371. See also, Notes, 32 Col.L.Rev. 1053; 118 A. L.R. 869, 893; 43 L.R.A.,N.S., 985.

[11] 1 Wigmore, Evidence (3d Ed.1940) § 18(E); Kankakee Park Dist. v. Heidenreich, 328 Ill. 198, 204, 159 N.E. 289, 292; Wright v. Commonwealth, 286 Mass. 371, 373, 374, 190 N.E. 593, 594; State Highway Commission v. Buchanan, 175 Miss. 157, 189, 190, 166 So. 537, 538.

[12] Ornstein v. Chesapeake & O. R. Co., Ohio App., 36 N.E.2d 521, 526; Kankakee Park Dist. v. Heidenreich, 328 Ill. 198, 204, 159 N.E. 289, 292; City of Mt.

case this was not done. Consequently, appellants are in no position to complain of its exclusion.

■ In the second place, the reception of such evidence, in each case, calls for the exercise of discretion by the trial court.[13] Wigmore says that the question should be left to the trial court "in its discretion to exclude such evidence when it does involve a confusion of issues, but otherwise to receive it, * * *."[14] Where the trial judge is vested with large discretion in the admission and exclusion of evidence to the end that the jury may be placed in the best position to pass judgment upon the ultimate question of fact,[15] the manner of his exercise of that discretion should not be stigmatized as abusive, except for good reason.[16] In the light of the present record we find no such reason here.

■ The court excluded opinion evidence as to whether the price paid by appellant for one of the lots in issue was reasonable. The evidence related to a sale made fifteen years prior to the commencement of condemnation proceedings.[17] Conditions in the District of Columbia have changed markedly in the intervening period; the record fails to reveal the witness' qualifications to testify upon the subject[18] or to give other than hearsay testimony.[19] The relevancy of such speculative evidence is doubtful, and there is no reason to question the ruling.[20]

■ The District Court excluded evidence of an offer to purchase made to the owner by a third person. The consideration offered consisted in part of other property and, consequently, involved collateral issues concerning its value. There was no error in this ruling.[21]

In conclusion it may be noted that evidence of private sales and expert opinion concerning values of property in the vicinity was freely admitted by the trial court. The record shows that the case was fairly presented, to the end that the jury was in the best position to pass judgment upon the ultimate question of fact. Upon careful consideration of appellants' contentions we conclude that the judgment of the District Court should be affirmed.

Affirmed.

STEPHENS, Associate Justice (dissenting in part).

I agree with the majority that under the statutes which govern condemnation proceedings brought in the District of Columbia for the use of the United States an appeal is not barred by the omission of the losing parties below to move to set aside the verdict and to move for a new trial. I agree also that there was no reversible error in rulings upon the admissibility of evidence, except one. Concerning that my views are as follows:

The trial court, upon the issue of market value of the appellants' property, ex-

Olive v. Braje, 366 Ill. 132, 136, 7 N.E. 2d 851, 854.

13 Kankakee Park Dist. v. Heidenreich, 328 Ill. 198, 204, 159 N.E. 289, 292; Wright v. Commonwealth, 286 Mass. 371, 373, 190 N.E. 593, 594.

14 2 Wigmore, Evidence (3d Ed. 1940) § 463.

15 Franzen v. Chicago, M. & St. P. Ry. Co., 7 Cir., 278 F. 370; United States v. Nickerson, 1 Cir., 2 F.2d 502. See Washington Home for Incurables v. Hazen, 63 App.D.C. 185, 70 F.2d 847.

16 Maryland Cas. Co. v. Citizens State Bank, 5 Cir., 84 F.2d 172, 174; Brigham Young Univ. v. Lillywhite, 10 Cir., 118 F.2d 836, 841, 137 A.L.R. 598, certiorari denied 314 U.S. 638, 62 S.Ct. 73, 86 L.Ed. 512; Robinson v. Parker, 11 App.D.C. 132, 138; Washington Times Co. v. Bonner, 66 App.D.C. 280, 290, 86 F.2d 836, 846, 110 A.L.R. 393; District of Columbia v. Chessin, 61 App.D.C. 260, 264, 61 F.2d 523, 527.

17 Cf. United States v. Freeman, D.C. D.Wash., 113 F. 370.

18 3 Wigmore, Evidence (3d Ed. 1940) § 718.

19 3 Wigmore, Evidence (3d Ed. 1940) § 719.

20 Cf. Hall v. Providence, 45 R.I. 167, 169, 121 A. 66, 67, admitting the testimony of an expert as to the reasonableness of the price paid for improvements on the property taken. But the transaction there was recent. Franzen v. Chicago, M. & St. P. Ry. Co., 7 Cir., 278 F. 370, 373.

21 Sharp v. United States, 191 U.S. 341, 348–350, 24 S.Ct. 114, 48 L.Ed. 211; Jefferson Park District v. Sowinski, 336 Ill. 390, 168 N.E. 370. Cf. Erceg v. Fairbanks Exploration Co., 9 Cir., 95 F. 2d 850, 853, 854, certiorari denied 305 U.S. 615, 59 S.Ct. 74, 83 L.Ed. 392; Notes, 84 L.Ed. 248; 32 Col.L.Rev. 1053, 1058.

cluded evidence offered by the appellants as to the amount paid by the United States for property similar to that which was the subject of the present action. Upon the question whether in a condemnation proceeding evidence may be introduced as to the price paid by a condemnor for property similar to that in suit, there is a division of authority. The weight of authority outside this jurisdiction is that such evidence is inadmissible. But in Washington Home for Incurables v. Hazen, 1934, 63 App.D.C. 185, 70 F.2d 847, we adopted the minority rule and held the admission of such evidence proper. We based our ruling upon O'Malley v. Commonwealth, 1902, 182 Mass. 196, 65 N.E. 30, in which the opinion for the Supreme Judicial Court of Massachusetts was written by Holmes, then Chief Justice of that tribunal. See, also, supporting the minority rule the following cases: Eames v. Southern New Hampshire Hydro-Electric Corp., 1932, 85 N.H. 379, 159 A. 128; Shaw v. Monongahela R. Co., 1931, 110 W.Va. 155, 157 S.E. 170; Texas P. M. P. T. R. R. v. Elliott, 1928, 166 La. 347, 117 So. 275; Curley v. Jersey City, 1912, 83 N.J.L. 760, 85 A. 197, 43 L.R.A.,N.S., 985; cf. Hanson Co. v. United States, 1923, 261 U. S. 581, 43 S.Ct. 442, 67 L.Ed. 809. The theory of admissibility is that although evidence of a purchase by the condemnor of property similar to that involved in a condemnation proceeding is less persuasive on the issue of market value than evidence of a purchase by a stranger, there is no reason in principle why such evidence should not be admitted provided the purchase by the condemnor was made without compulsion; in short, it is held that objection to this type of evidence goes to its weight, not to its competency.

But the condition upon admissibility that the purchase must have been without com-

pulsion must be fulfilled, and it is therefore the duty of the trial judge to determine as a preliminary fact bearing upon the admissibility of proffered evidence of this type whether or not the purchase by the condemnor was without compulsion. The burden of establishing this fact is upon the party offering the evidence. City of Mt. Olive v. Braje, 1937, 366 Ill. 132, 7 N.E.2d 851; Wright v. Commonwealth, 1934, 286 Mass. 371, 190 N.E. 593; Eames v. Southern New Hampshire Hydro-Electric Corp., supra; Kankakee Park Dist. v. Heidenreich, 1927, 328 Ill. 198, 159 N.E. 289; see State Highway Commission v. Buchanan, 1936, 175 Miss. 157, 165 So. 795, 166 So. 537, 538.[1] This is in accord with the usual rule that a proponent of evidence must accept the burden of establishing preliminary facts essential to its admissibility. See 1 Wigmore, Evidence (3d ed. 1940) § 18, p. 347.

In the instant case the record shows that the trial judge took no evidence upon the question whether the purchase by the United States sought to be proved was without compulsion. I think therefore that the case should be reversed and that at a retrial, if the appellants again offer this evidence, they should be given the opportunity of showing that the purchase was without compulsion, and that if they make this showing to the satisfaction of the trial judge, the evidence must be admitted. I think it cannot be said that the exclusion of the evidence was not prejudicial.

I think it not warranted to dispose of the case as the majority does—by holding that the appellants did not establish as a preliminary fact that the purchase by the Government was without compulsion and were therefore not entitled to introduce the evidence—for the reason that Washington Home for Incurables v. Hazen left the law in doubt in this jurisdiction in re-

[1] In a note entitled "Evidence of Sales in Condemnation Proceedings," 32 Col.L. Rev. (1932) 1053, the author states at page 1055: "Although generally it is incumbent upon the proponent [of evidence of prior sales] to lay a foundation for the admissibility of the evidence by showing substantial similarity, there is a presumption that sales are voluntary and the burden here is thrown on the attacker." In support of the statement contained in the last clause of the sentence quoted, which it will be noted is contrary to the statement made in that part of the text to which this footnote is appended, the author cites an Illinois case: South Park Com'rs v. Livingston, 1931, 344 Ill. 368, 176 N.E. 546. This case, which stands squarely for the proposition for which it is cited, is contrary to the two Illinois cases cited in the text. Of the two cases cited in the text, one (Kankakee Park Dist. v. Heidenreich, 1927, 328 Ill. 198, 159 N.E. 289) was decided prior to the Livingston case, the other (City of Mt. Olive v. Braje, 1937, 366 Ill. 132, 7 N.E.2d 851) thereafter. The Illinois court has not, so far as I can ascertain, commented upon this divergence in its decisions.

spect of the question whether the proponent of the evidence should qualify it or the objector disqualify it. The record in the instant case shows several pages of confused colloquy between counsel and the trial judge in respect of the admissibility of the evidence in question. The judge ruled twice that it was admissible and then once that it was not. I think the confusion was in part due to the fact that Washington Home for Incurables v. Hazen did not determine the question of the burden of qualifying or disqualifying the evidence. Since the law with respect to the duty of qualifying proffered evidence of purchases of other similar property by the condemnor is for the first time made certain in this jurisdiction in the instant decision it seems to me harsh to deny to the appellants the opportunity of introducing the evidence proffered if they can qualify it. That they can qualify it would seem hardly doubtful because the circumstances under which a condemnor would be under compulsion must be most unusual—since if a condemnor cannot purchase at a reasonable price he is at liberty to take the property by condemnation proceedings.