CERTAIN LAND IN the CITY OF WASH-
INGTON, DISTRICT OF COLUM-
BIA, et al., Appellants,

v.

UNITED STATES of America,
Appellee.

No. 19237.

United States Court of Appeals
District of Columbia Circuit.

Argued Nov. 3, 1965.

Decided Dec. 23, 1965.

Mr. John J. Spriggs, Jr., Washington,
D. C., for appellants.

Mr. Edmund B. Clark, Atty., Dept. of
Justice, with whom Mr. Roger P. Mar-

quis, Atty., Dept. of Justice, was on the brief, for appellee. Mr. S. Billingsley Hill, Atty., Dept. of Justice, also entered an appearance for appellee.

Before BAZELON, Chief Judge, EDGERTON, Senior Circuit Judge, and BURGER, Circuit Judge.

EDGERTON, Senior Circuit Judge.

In a suit to condemn the Houston Hotel in Washington as part of the site for a Federal Bureau of Investigation building, the United States on July 26, 1963 filed a declaration of taking and deposited in court the estimated amount of just compensation, $650,000. A jury awarded $700,000. The court confirmed this award, but by order of July 20, 1964 allowed the Government to deduct $16,500 as fair and equitable rent for the period from the date of taking to July 31, 1964, and ordered payment of $1,200 per month to the Government so long as appellant Capott Corporation, which had owned the hotel and continued to operate it, remained in possession.

██ The taking was obviously for a public use although appellant asserts the contrary. The compensation awarded was within the range of the testimony. In a condemnation case, when the jury reached "a valuation from the evidence which the trial court confirms, it is not for us to say that it is so inadequate that the trial court abused its discretion in failing to grant a new trial." Murray v. United States, 76 U.S.App.D.C. 179, 181, 130 F.2d 442, 444 (1942).

██ The court instructed the jury not to consider any "personal property" in fixing the amount of compensation. This was correct, for no personal property was taken. "The Constitution and the statutes do not define the meaning of just compensation. But it has come to be recognized that just compensation is the value of the interest taken. This is not the value to the owner for his particular purposes or to the condemnor for some special use but a so-called 'market value.'" United States v. Petty Motor Co., 327 U.S. 372, 377, 66 S.Ct.

596, 90 L.Ed. 729 (1946). Since "consequential losses" are not compensable in federal condemnation proceedings, *id.* at 377–378, 66 S.Ct. 596, appellant cannot recover for depreciation in the value of furniture and removable equipment. Potomac Electric Power Co. v. United States, 66 App.D.C. 77, 85 F.2d 243, cert. denied, 299 U.S. 565, 57 S.Ct. 27, 81 L.Ed. 416 (1936). "It is generally held that damages in condemnation proceedings should be allowed in respect of fixtures which have become a part of the realty" but " * * * compensation cannot be recovered in such a proceeding for damages resulting to personal property not annexed (at least constructively) to the freehold." 90 A.L.R. 159–160 (1934). Futrovsky v. United States, 62 App.D.C. 235, 66 F.2d 215 (1933).

██ Capott Corporation does not contend that the rent established by the court is unreasonably high. It objects to paying any rent, on the theory that it still owns the property. But when a declaration of taking is filed and the estimated amount of compensation is deposited, title to the condemned property vests in the United States and the court "may make such orders in respect of encumbrances, liens, rents, taxes, assessments, insurance, and other charges, if any, as it deems just and equitable." D.C.CODE, 1961 ed., § 16–628; as amended, Supp. IV, 1965, §§ 16–1353, 16–1355. The "court should order the payment of reasonable compensation to the Government, the then owner of the property, as provided by the statute * * *." United States v. Certain Interests in Property, etc., 302 F.2d 201, 203 (2d Cir. 1962).

██ Far from suggesting that $1200 a month is too much, appellant contends that the court erred in refusing to admit in evidence, as bearing on the value of the property, a letter from the General Services Administration which says "The fair rental value established by the Government's appraisers is $7,500 a month" and demands a rent of $6,750 a month. Appellant does not offer to pay any such rent and there is nothing to suggest that

anyone would pay it. What the General Services Administration, as landlord, saw fit to demand of the tenant throws little or no light on the rental value of the property and still less light, if possible, on the market value of the property itself. Therefore the court did not abuse its discretion in refusing to admit the letter. The case is more than covered by our ruling in another condemnation case that the District Court did not abuse its "large discretion" in refusing to admit prices which the Government had actually paid for certain parcels of land in the neighborhood. Hannan v. United States, 76 U.S.App.D.C. 118, 120, 131 F.2d 441, 443 (1942).

Affirmed.