## OLNEY et al. v. BUTTE CREEK CONSOL. DREDGING CO.

(Court of Appeals of District of Columbia. Submitted March 8, 1921. Decided May 2, 1921.)

No. 3466.

1. **Equity ⬤⟹273—Amendment in suit for specific performance to seek damages caused by inability to convey held not to state new cause of action.**

In a suit for specific performance of a contract to convey land, with a prayer for damages from the refusal to convey, an amended complaint alleging defendant's inability to convey part of the land and seeking damages therefor, and a supplemental complaint alleging the same facts and further alleging reliance on defendant's representation that she could give title, did not state a new cause of action.

2. **Specific performance ⬤⟹10(1), 129—Court may decree partial performance, with damages for residue, when defendant unable to perform completely.**

Where a party has partially disabled himself from complying with his agreement to convey land, a court of equity may decree that he perform so far as he is still able and allow damages to plaintiff for the residue.

3. **Appearance ⬤⟹9(8)—Defendant held to have appeared generally by directing attorney to prosecute appeal and appear on appeal.**

Where defendants, subsequently denying an attorney's authority to answer amended and supplemental pleadings, which they claimed changed the cause of action, did not challenge the attorney's action or seek to have the decree vacated during the three years intervening between the date of the decree and the date of its affirmance, but instead directed the same attorney to prosecute the appeal and to appear for them on the appeal, this amounted to a general appearance by them.

4. **Appearance ⬤⟹12—Defendants appearing put on notice of subsequent proceedings.**

The appearance of defendants filing a sworn answer put them on notice as to subsequent proceedings.

5. **Attorney and client ⬤⟹88—Client bound by attorney's answer to amended and supplemental pleadings when not induced by opposite party's fraud.**

Where an attorney was authorized to appear for defendants, the jurisdiction over them was so perfected as to bind them with respect to his action in answering amended and supplemental pleadings, which they claimed changed the cause of action, when not induced by the fraud of the adverse party, especially in view of Code Civ. Proc. Cal. § 283, providing that an attorney regularly entering his appearance for a party has authority to bind his client in any of the steps of the action or proceeding.

Appeal from the Supreme Court of the District of Columbia.

Action by the Butte Creek Consolidated Dredging Company against Laura F. Olney and another. From a judgment for plaintiff, defendants appeal. Affirmed.

J. Miller Kenyon and H. B. F. Macfarland, both of Washington, D. C., for appellants.

Elwood P. Morey and Harry G. Kimball, both of Washington, D. C., for appellee.

HITZ, Acting Associate Justice. This is an appeal from a judgment of the Supreme Court of the District of Columbia, where a jury

---

was waived and the case tried before a justice, coming here upon a bill of exceptions.

On January 3, 1911, the appellee filed in the superior court of Butte county, Cal., an amended complaint, setting up that, prior to April 8, 1907, the appellants were the owners in fee of a certain described tract of land in that county, and that on said day they entered into a written contract for the sale thereof to two individuals,' which was subsequently assigned to the appellee; that the appellee had complied fully with its part of said contract, but that the appellants had refused to convey, and the prayers were that they be required to execute and deliver a proper conveyance; that the appellee recover the sum of $5,000 damages sustained by it on account of such refusal; and for general relief. To this the appellants filed an elaborate answer, through a California attorney, duly signed and sworn to by them.

It embodied a counterclaim, under which the appellants demanded the return of a certain certificate of stock, or the sum of $400 as the value thereof, and $100 damages for its detention.

Thereafter issue was joined, and on September 25, 1913, the suit being about to be called for trial, the appellee filed a pleading, styled "Second Amended Complaint," which was in substance identical with the amended complaint, except that it alleged that appellants, at the time of making the contract of sale, had represented their ownership to include a certain parcel of 20 acres, which appellee had discovered that appellants could not convey; that appellee had been prevented from obtaining possession of this parcel, although embraced in the contract of sale, it being held by one Martin, who refused to allow the appellee to continue dredging thereon, by reason whereof, and of the failure of title to the 20 acres, the appellee had been damaged in the sum of $5,000.

On the same day a supplemental complaint was filed to the same effect, with the additional averment that prior to the commencement of the action the appellee had discovered that this portion of the land did not stand of record in the name of Mrs. Olney, but that she had insisted that she could deliver title thereto, which representation the appellee believed, and the same claim of damages were made. Both these last-mentioned pleadings were filed by leave of the superior court.

On said September 25, 1913, the case was tried before the superior court, a jury being waived, and evidence was adduced and arguments made on behalf of both parties. It is to be inferred that the case was taken under advisement by the court, and pending its decision, on October 6, 1913, separate answers were filed to the second amended complaint and to the supplemental complaint, purporting to be the answers of the appellants, both being signed by the California attorney, and in the record before us it is stated that they were "duly verified." On November 26, 1913, the superior court filed its findings of fact and conclusions of law, together with a decree in favor of the appellee for a stated amount, with interest and costs.

Thereafter an appeal was taken by the appellants to the Supreme Court of California, where the recovery was reduced to the sum of

$3,703.15, with interest from November 26, 1913, at 7 per cent. per annum, with which modification the judgment was affirmed. Butte Creek, etc., Co. v. Olney, 173 Cal. 697, 161 Pac. 260. In pursuance of a mandate of said court, the superior court entered a decree for said sum and interest, which is the judgment sued on in the Supreme Court of the District.

The evidence at the trial below was largely documentary, being made up of the proceedings in full as above referred to; the appellants giving evidence tending to show that neither of them was in the state of California at the time the case there was instituted or pending, that they employed the California attorney, but were not advised by him of the amendments of September 25, 1913, until after they had been made and the action tried, nor did they authorize the attorney there to plead to said amendments, or to appear for them after the amendments were made. Mrs. Olney did authorize the appeal to the Supreme Court of California, and the same attorney argued the case there.

The assignment of errors present, when considered together, two contentions: (1) That the filing of the second amended complaint and the supplemental complaint in the superior court of California, had the effect of making a new cause of action. (2) That the California attorney was not authorized by his employment to file an answer to those pleadings, and that the superior court had no jurisdiction over the appellants, or to render the decree on which the judgment below is founded.

The ultimate question, then, for decision here, is whether the record sued on, all the facts being considered, is within the "full faith and credit" provision of the Constitution. There is no dispute but that the superior court had jurisdiction of the subject-matter and of the parties, so far as the amended complaint to which the appellants made answer signed and verified by them.

[1] The Supreme Court of California, to which Mrs. Olney admittedly authorized an appeal, and where she was represented by the same attorney who appeared for the appellants in the superior court, held that the subsequent pleadings did not constitute a new cause of action, and this holding is supported under varying circumstances, but all involving a like principle, by the following cases: Davis v. New York, etc., R. R. Co., 110 N. Y. 646, 17 N. E. 733; Flanders v. Cobb, 51 Am. St. Rep. 416; Stevenson v. Mudgett, 10 N. H. 338, 34 Am. Dec. 155; Howard v. Railway Co., 11 App. D. C. 300; District of Columbia v. Frazer, 21 App. D. C. 154. In the first amended complaint damages were claimed, and as was said by the Supreme Court of California when this case was before it:

"In essence it was still a suit founded upon the written contracts of sale and the failure on the part of the Olneys to perform their part of said agreements."

[2] The principle is familiar that where a party has partially disabled himself from complying with his agreement to convey land, a court of equity may decree that he perform so far as he is still able, and

allow damages to the plaintiff for the residue. Townsend v. Vande-werker, 150 U. S. 171, 16 Sup. Ct. 258, 40 L. Ed. 383.

[3] As to the want of authority on the part of the California attorney, it is to be noted that the appellants, in the long interval between September 25, 1913, the date of the decree in the superior court, and November 23, 1916, when the Supreme Court of California rendered its decision, took no step to challenge the action of their attorney in the lower court, or to have its decree vacated on the grounds now urged, but instead they directed him to prosecute an appeal to the Supreme Court, and to appear for them there.

This was a general appearance, and authority is not wanting for the proposition that, where a judgment is reversed on the ground that the trial court had no jurisdiction of the person of the defendant, a general appearance in his behalf in the appellate court will put the defendant in court without any further step to bring him in. Foster-Milburn Co. v. Chinn, 134 Ky. 424, 120 S. W. 364, 34 L. R. A. (N. S.) 1137, 135 Am. St. Rep. 417.

[4, 5] The appearance of the appellants, when they filed their sworn answer, put them on notice as to subsequent proceedings, and, where an attorney is authorized to appear, the jurisdiction over his client is so perfected as to bind him with respect to the subsequent action of the attorney, not induced by the fraud of the adverse party. Tyson v. Santa Anna (Tex. Civ. App.) 154 S. W. 1055; Freeman on Judgments (4th Ed.) § 500; Harshey v. Blackmarr, 20 Iowa, 161, 89 Am. Dec. 520.

By section 283 of the Code of Civil Procedure of California, an attorney regularly entering his appearance for a party has authority:

"To bind his client in any of the steps of an action or proceeding."

Finding no error in the judgment below, it is affirmed, with costs.

Mr. Justice HITZ, of the Supreme Court of the District of Columbia, sat in the place of Mr. Justice ROBB in the hearing and determination of this appeal.