SHANNON & LUCHS CONST. CO. et al. v. REICHELDERFER et al., Commissioners of District of Columbia.

No. 5288.

Court of Appeals of District of Columbia.

Argued Jan. 8, 1932.

Decided Feb. 8, 1932.

W. C. Sullivan, of Washington, D. C., for appellants.

William W. Bride, Vernon E. West, and Walter L. Fowler, all of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

VAN ORSDEL, Associate Justice.

The commissioners of the District of Columbia instituted a proceeding to condemn land for the extension of Evarts street between Rhode Island avenue and Twenty-Second street, and for the extension of Eighteenth street between Evarts and Franklin streets, and for the extension and widening of Twentieth street immediately north of Evarts street northeast, in the city of Washington.

Among the lands to be taken was parcel 143/22, owned by the appellant Shannon & Luchs Construction Company, and parcel 155/239, owned by appellant Michael J. Curley, archbishop of Baltimore. The petition was filed May 7, 1929; personal service was obtained against the construction company on May 10th, and on Archbishop Curley two days later. A jury was impaneled, and proceedings had at which Archbishop Cur-

ley was represented by counsel, but no appearance was entered on behalf of the construction company. On January 17, 1930, the jury returned its verdict fixing the damages and assessing the benefits as to each of these defendants.

On February 28, 1930, the court, in compliance with the provisions of the Act of Congress of May 29, 1928 (45 Stat. 953), entered an order directing "that objections and exceptions to said verdict of property owners assessed for benefits (no part of whose land was condemned in this proceeding) be filed in said cause on or before the 28th day of March, 1930; otherwise said verdict will be finally ratified and confirmed upon the application therefor by the petitioners on said cause." On March 28th each of the appellants filed exceptions and objections to the verdict and subsequently motions to strike the verdict and dismiss the petition on the ground that "there is no plan of permanent system of highways with which it is possible by the proposed extension of Evarts Street to make the same conform."

Motions were filed by appellees to strike the objections and exceptions from the files for the reason that they were not filed within the time allowed by statute. The court, on May 2, 1930, entered an order overruling the objections and exceptions to the verdict and denying the motions to strike the verdict and dismiss the petition, and ratifying and confirming the verdict. From the order this appeal was taken.

 This case can be disposed of on the single question of the failure of the appellants to file their objections and exceptions to the verdict of the jury within time. Section 491h of the District Code (D. C. Code 1929, T. 25, § 59) provides for the hearing and determination of objections and exceptions to the verdict, and, among other things, provides: "That the objections or exceptions to the verdict shall be filed within twenty days after the return of the verdict to the court." The objections and exceptions here were not filed until seventy days after the return of the verdict, and the motions to strike the verdict and dismiss the petition were not filed until one hundred and three days after the return of the verdict.

It is contended by appellants that the present issue is controlled by the decision in the case of Banville v. Sullivan, 11 App. D. C. 23, 29, where this court held that the provisions of section 447 of the Code (D. C. Code 1929, T. 24, § 123), providing that "the garnishee shall file his answers under oath to such interrogatories within ten days after service of the same upon him," were neither mandatory nor imperative. The court there, however, was considering the effect of a limitation of time within which the pleadings should be filed. It is quite elementary that, where a party fails to plead within time and the opposing party fails to take advantage of the default, the failure to plead in time will be deemed as waived. The limitation there is not for the benefit of the pleader, but for his opponent, and, if the opponent fails to take advantage of the default, the limitation may not be enforced. As was said in that case: "But where causes are pending in a court undetermined, and especially where a proceeding is in its nature a matter of absolute right, such as pleadings usually are, apart from the limitations by which it is required that they should be guarded, it has never yet been heard, either under the common law in England, or in the State of Maryland, from which we have derived our practice, or in the District of Columbia itself during the period of nearly one hundred years of its separate judicial existence, that parties may not waive limitations of time either by their express consent or by implication, through failure to take advantage of default."

But the limitation here is statutory, and relates to proceedings after verdict. Under those circumstances the rule is different. The objections and exceptions are in the nature of a motion for a new trial, and must be filed within the time limited. Where an action after verdict or verdict and judgment is limited by statute or rule of court, the principle is the same. As said in the Banville Case, supra: "Some of these limitations are of a jurisdictional character—such as the statute of limitations itself in some cases, the provisions for taking appeals, the rules regarding motions for new trials and in arrest of judgment, and other regulations, whether prescribed directly by statute, or by rules of court having the force of statutory provision, which might readily be cited; and when they are of such a character, they are a law unto the courts themselves as well as to litigants, and may not be disregarded in special cases even for assumed hardship—although, of course, there are cases where parties may be estopped by their own conduct or course of action from seeking the enforcement even of limitations of a jurisdictional character."

It is contended that, inasmuch as the appellants filed their motions within the time

fixed by the court in the notice of publication, citing persons whose land was assessed for benefits but who had not been given notice of the condemnation proceedings to appear and present their objections, they are within the requirements of the statute. The difficulty with this contention is that appellants were given notice of the condemnation proceedings and were brought into court and afforded an opportunity to be heard, and as to them the statute limiting the time within which objections to the verdict could be filed to twenty days after the return of the verdict is applicable and conclusive.

There is nothing in the 1928 act that is available to the defendants or that will furnish an excuse for their delay. The public notice there required to be given, as in section 491h, is for the benefit of those whose property was not taken in the condemnation proceedings but was assessed for benefits and who had no notice of the proceedings. There is no way in which the appellants can avail themselves of the rights afforded those without notice of the condemnation proceedings.

The effect of the statute in condemnation proceedings is twofold. In the first place, notice is served upon the property owners whose lands are to be condemned. On this issue, trial is had, and, if the jury in the assessment of benefits assesses lands owned by others than those who have been brought into court in the first instance, the court is then required "to give public notice of the lands or parcels of land assessed for benefits, no part of which was taken by the condemnation proceedings, by advertisement once in each of three daily newspapers published in the District showing the amount assessed against each such piece or parcel of land and stating the time within which interested parties may file with the court any objections or exceptions they may have to the verdict."

Congress manifestly intended that the condemnation proceedings should be concluded before the second stage of the proceedings should be instituted. The appellants here came within the first stage of the proceeding, and they cannot bring themselves within the limitations of the second.

■ Nor was appellants' motion to the effect that the extension of Evarts street did not conform with the plan of the permanent system of highways timely. This fact was alleged in the petition and not denied by the defendants. A witness on behalf of the District testified without objection that the streets, as delineated on the map attached to the petition, conformed to the plan of the permanent system of highways. No evidence was offered by appellants on this phase of the case. Accompanying the motions is an affidavit on which it is attempted, after verdict, to retry an issue of fact already determined by the jury. The motion was properly denied. Columbia Heights Realty Co. v. Rudolph, 217 U. S. 547, 30 S. Ct. 581, 54 L. Ed. 877, 19 Ann. Cas. 854; Newman v. Newman, 42 App. D. C. 588.

The order is affirmed with costs.