## CAFRITZ v. HAZEN et al.

### No. 6497.

United States Court of Appeals for the District of Columbia.

Decided June 1, 1936.

William C. Sullivan, of Washington, D. C., for appellant.

E. Barrett Prettyman, Vernon E. West, and Walter L. Fowler, all of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, GRONER, and STEPHENS, Associate Justices.

VAN ORSDEL, Associate Justice.

This is an appeal from an order of the Supreme Court of the District of Columbia in a condemnation proceeding, ratifying and confirming the verdict of a jury

which awarded damages and assessed benefits in connection with the acquisition of land for the opening of Forty-Fifth Street, Northwest, between Alton place and Murdock Mill road, in the city of Washington.

A petition in condemnation was filed by the Commissioners of the District on May 5, 1932, and the usual notice to all interested parties was given pursuant to section 491c of the District of Columbia Code (section 54, T. 25, 1929 Code). Appellant was not the owner of any of the property sought to be condemned, but owned property in the vicinity of the proposed improvement. On May 9, 1933 he entered a general appearance through his counsel. A hearing was had on October 29, 1934, at which appellant was represented by his counsel, who neither offered any evidence nor cross-examined the witnesses for the District. On November 28, 1934, the jury rendered its verdict, in which benefits were assessed against properties in the neighborhood, including appellant's. Appellant filed objections and exceptions to the verdict on January 10, 1935, and amended objections and exceptions on February 8, 1935. After a hearing by the court on February 8, 1935, these objections and exceptions were overruled, and an order was entered ratifying and confirming the verdict.

This case can be disposed of on the single question of the failure of appellant to file his objections and exceptions to the verdict within the time prescribed by statute. Section 491h of the District of Columbia Code (section 59, T. 25, 1929 Code) provides, in part, as follows: "And provided further, That the objections or exceptions to the verdict shall be filed within twenty days after the return of the verdict to the court."

It is contended by appellant that the filing of his objections and exceptions was timely, inasmuch as they were filed within the period prescribed in the notice, published under the statute, to persons whose properties were assessed for benefits. Section 71, T. 25, D.C.Code of 1929, provides, among other things, that where "the jury of condemnation shall assess benefits against any land or parcel of land no part of which was taken by the condemnation proceedings, and the owner of the land or parcel of land so assessed for benefits was not served with notice of the condemnation proceedings, notice of such assessment for benefits shall be given by the Commissioners of the District of Columbia by reg-

istered letter, mailed to the last known address of the person listed on the records of the assessor of the District of Columbia as the owner of the land or parcel of land so assessed, and, in addition thereto, the court shall give public notice of the land or parcels of land assessed for benefits, no part of which was taken by the condemnation proceedings, by advertisement once in each of three daily newspapers published in the District of Columbia showing the amount assessed against each such piece or parcel of land and stating the time within which interested parties may file with the court any objections or exceptions they may have to the verdict."

This provision of the statute for notice by publication and registered letter does not apply to appellant, although benefits were assessed against his property, no part of which was condemned, since he had actual notice of the proceedings and was represented by counsel who appeared therein. This general appearance through his attorney was equivalent to personal service upon him. Habich v. Folger, 20 Wall. 1, 7, 22 L.Ed. 307.

This case is controlled by our holding in Shannon & Luchs Construction Co. v. Reichelderfer, 61 App.D.C. 36, 57 F.(2d) 402, 404. The appellants in that case contended that, inasmuch as they had filed their objections and exceptions within the time fixed by the court in the notice of publication, citing persons whose land was assessed for benefits and who had not been served with notice of the condemnation proceedings, they had met the requirements of the statute. The appellants there had been given notice of the condemnation proceedings and brought into court and afforded an opportunity to be heard, and we held that "as to them the statute limiting the time within which objections to the verdict could be filed to twenty days after the return of the verdict is applicable and conclusive."

The only difference between that case and the instant case is that the appellants there owned property which was condemned, as well as property which was assessed for benefits, and were personally served with process. Here, appellant voluntarily appeared through his authorized attorney, and, as said in the Habich Case, supra: "The appearance by authorized attorneys was equivalent to a personal service of process upon those parties." Inasmuch as section 71, T. 25, D.C.Code, 1929,

provides for notice by publication to be given only to the owner of land assessed for benefits who "was not served with notice of the condemnation proceedings," appellant's voluntary appearance excludes him from any right to rely upon the provisions of that section. He was charged with notice of all that occurred in the case. Olney v. Butte Creek, etc., Co., 51 App.D. C. 8, 11, 273 F. 736, 739.

The judgment is affirmed, with costs.