Common Pleas Court of Wood County.

FRANK SELF V. STELLA LEFFLER, ET AL.

Decided February 6, 1933.

*Alva W. Bachman,* for plaintiff.
*F. P. Riegle,* for defendant.

CONN, J.

This matter is before the court on motion to set aside the sale made by the sheriff of this county in pursuance of a previous judgment and decree of foreclosure, and also to set aside the appraisement of this property. The motion contains four specifications and is supported by affidavits. The court has read the several affidavits and the brief of counsel for plaintiff; has examined the various authorities relied on by counsel, and has reached the conclusion that the motion is well taken, and that the appraisement of the property in question and the sale thereof, should be set aside, on the ground that the appraisement was not made in conformity to the statute, and the price obtained at the sale was inadequate.

Section 11672, General Code provides that real estate ordered to be sold, as in this case, shall be appraised, and the appraisers shall make an estimate of the real value of the property in money.

It is to be observed that the statute in question does not provide that the appraisers shall estimate the market value of the property, but fixes the real value as the basis of their estimate. The language of the statute therefore must be considered in determining the validity of the appraisement, and the statute applied in the light of existing conditions, and given such construction as will tend to protect all parties in interest. This construction requires the court to determine from whose standpoint the language "real value of the property in money" is to be applied. Is it to be applied only from the standpoint of the real estate market in the community in which the property is situate, even in a case where there is no market? Is it to be applied only from the standpoint of the judgment creditor? Or is it to be applied from both the standpoint of the market value and the creditor, and also from the standpoint of the debtor.

It appears from the affidavit in support of the motion, that the real estate in question was sold for about half of its real value. The court takes judicial notice of the fact that the depression has resulted in a serious deflation of real estate values and that it has destroyed the market. However the real value of property in any given instance from the standpoint of the owner thereof, may remain unchanged for all practical purposes. If the property is improved and consists of a dwelling-house, it may afford the same comfort and protection for the owner and for many purposes have the same utility in the midst of depression as it had prior thereto.

As to personal property, the courts have uniformly followed the rule that the measure of compensation to the owner for its loss is not in every instance the market value. As to that class of personal property that has a peculiar value or interest to the owner, such as household goods, wearing apparel, personal effects, etc. the market value rule is not applicable.

Under the doctrine of the law of eminent domain, the measure of recovery for the property taken, is what the owner may be reasonably expected to take for the

property from others, had not the same been appropriated for public use.

Our attention has been called to the case of *Naftzger, et al* v. *The State of Ohio,* 24 Ohio App. 183, where an order was sought to appropriate certain property for public use. We quote from the opinion on pages 183 and 184.

"We have carefully read and considered the record showing the proceedings of the trial court, and we find that the court erred in charging the jury that the compensation due to the defendant was the 'fair cash market value of the land taken' and in admitting testimony of its cash market value. The rule is the fair market value; not what the land would bring upon a sale in open market, either for cash or in long time payments, but a sale in the usual manner, when offered for sale by one who desires, but is not obliged to sell, and bought by one who is under no necessity of having it."

It is the established rule in this state that in sales made on execution, the court has the power in its discretion to refuse to confirm such sale. 17 Ohio Jurisprudence 939.

In the case of *Reed* v. *Radigan,* 42 Ohio State, 292, it was claimed that the court had no discretion but to confirm the sale where the proceedings were regular. The contention was not upheld by the court. On page 239, we find the following:

"If this construction of the provision above cited (referring to the statute providing for confirmation of sales) is to prevail, it will follow that in all cases where the purchaser is misled as to the title of the lands sold; in all cases where the lands are appraised at a sum far below their true value; in all cases where without the fault of either party to the proceedings, competition in bidding is prevented, whereby the sale is at a sacrifice; where the judgment is suspended by appeal after the sale; and in a variety of cases where the confirmation of the sale will work hardship and sacrifice, the court is powerless to avert the wrong by the easy and simple means of setting aside, or refusing to confirm the sale. Such construction of the statute and the powers of the court is not only against the common understanding of the profession, and at variance with the uniform practice

of the courts, but we believe it is, both upon principal and authority, untenable."

The sale price being inadequate and the appraisement being less than the real value of the property in money, the court in the exercise of its second discretion, is obliged to set aside the appraisement and the sale, and counsel may prepare an entry, accordingly.