### ORNSTEIN et v
### CHESAPEAKE & OHIO RD CO

Ohio Appeals, 2nd Dist, Franklin Co

No 2754. Decided Dec 2, 1937

Stuart Bolin, Columbus, for appellants.
Wilson & Rector, Columbus, for appellees.

## OPINION

By BARNES, PJ.

The above entitled cause is now being determined on proceedings in error from the judgment of the Court of Common Pleas of Franklin County, Ohio.

The cause originated in the Probate Court of Franklin County, Ohio, in December, 1929, through petition filed by the Hocking Valley Railroad Company against defendants et al, seeking to appropriate the Ornstein property for railroad purposes, through the right of eminent domain.

The Ornsteins resisted the action of the Railroad Company in its attempted appropriation at every step of the proceedings.

The first step was the determination of preliminary questions involving the right of the railroad company, under its petition, to appropriate.

After a long-drawn-out hearing, the Probate Court found in favor of the Railroad Company and proceeded to the next step, looking to the empaneling of a jury to determine the value of the premises.

The Ornsteins procured a stay of the proceedings and attempted to secure a reversal of the Probate Court on the preliminary questions, through error proceedings. to the Common Pleas Court, Court of Appeals, Ohio Supreme Court and the United States Supreme Court.

The proceedings in error were dismissed in each and all of the courts on the ground that the findings of the Probate Court on the preliminary questions were not final orders. The trial to the jury was not had until 1935. On February 27, 1935, the jury returned its verdict fixing the compensation to be paid for the Ornstein lot, the sum of $72,000.00. Motion for new trial was duly filed, the same being overruled October 5, 1935. Within thirty days following the overruling of motion for new trial and en-

try of final decree, the railroad company paid into court the full amount of the award and costs. In December, 1935, the Ornsteins made demand for payment to them of the $72,000.00 and on December 13th the full amount of the award was paid to them. On December 30th following, the Ornsteins filed their petition in error in the Court of Common Pleas of Franklin County, Ohio. The proceedings in error were immediately perfected through the filing of the original papers and the bill of exceptions. The Common Pleas Court on November 30, 1936, affirmed the judgment of the Probate Court.

Notice of appeal to the Court of Appeals on questions of law was filed December 19, 1936.

The Ornsteins are seeking to have reviewed every order, finding and judgment of the Probate Court from the time the original petition for appropriation was filed in December, 1929, until the final entry affirming the award.

Counsel for the Railroad Company make the claim that the Ornsteins, through the acceptance of the $72,000.00 award are estopped to raise any question through their present appeal other than such as touches the question of the adequacy of the award. It seems to be conceded that the appellants do have a right to prosecute error to the amount of the award notwithstanding the application for and acceptance of the full sum of $72,000.00. This is the construction given to §11064 GC and cogent sections of the General Code. The Common Pleas Court in its opinion touching the scope of the error proceedings very exhaustively and learnedly presents the two theories touching the question of the right to have the preliminary questions reviewed.

We think the reviewing court in his discussion of the question and citation of authorities presents the strongest case in favor of denial of review on the preliminary questions. However, the court was of the opinion that the case of New York and Harlem Railroad Company, 98 N. Y., page 12, authorized the review of the preliminary questions. The court then proceeded to examine all the claimed errors attending the preliminary questions and found no errors therein.

It is our judgment that the appellants by applying for and accepting the $72,000.00 award are estopped from raising any questions of error pertaining to the preliminary questions. In the case of Chicago Western Railroad v Kemper, 257 Missouri, 624, (166

SW 291) will be found a very complete and satisfactory discussion of this question and a determination that the review is limited to the amount of award. The question is analyzed under a rule of reason and in our judgment, is unanswerable. Many cases are cited from other jurisdictions supporting the view. Aside from the decisions in other jurisdictions, we think that careful study of the provisions of the General Code together with the decisions of our Supreme Court construing certain provisions, leave no doubt as to the proper rule to be adopted.

Under the provisions of §11065, GC, the condemning corporation upon payment of the amount of the award into court has the right to enter upon and appropriate the property notwithstanding the pendency of the proceedings in error. In the case of Meily v Zurmehly, 23 Oh St 627, syllabus, we find the following:

"Where a railroad corporation proceeded before a Probate Judge * * * for the assessment of compensation to the owner of the land appropriated to its use, and a final judgment was rendered by the judge in favor of the owner of the property against the corporation, for the amount assessed by the verdict of the jury, and the corporation paid the amount of such judgment into court and entered into possession of the land, and then filed its petition in error to reverse the judgment of the Probate Court, and requested the judge to retain the money so paid into court until the final disposition of the proceedings in error; **Held**, that it was the duty of the probate judge, on the demand of the party in whose favor the judgment was rendered, to pay over to him the amount of such judgment, notwithstanding the pendency of the proceedings in error and the objection of the corporation; and his failure to do so is a breach of his official bond."

Also, see the case of **Wagner v Railway Company**, 38 Oh St 32, at page 36 of the opinion. Johnson, J., speaking for the court relative to the rights under appropriation uses the following language:

"Again the rights of the parties are mutual whenever the corporation is entitled to take the land its former owner is equally entitled to the money. The right to the money accrues eo instanti with the right to take the land, otherwise compensation will not first be made. The deposit of money in court is in legal effect for the land-owner's use and belongs to him as soon as the land becomes the property of the corporation. * * *

"This is so notwithstanding either party may prosecute error to reverse the judgment. The final judgment of the Probate Court completes the appropriation for the purposes of transferring title but leaves the parties to litigate over the question of compensation." (Emphasis ours).

Had the Ornsteins desired to present the question of claimed error to the ruling of the Probate Court on the preliminary questions, they could have done so by declining to accept the amount of the award. Through the application for and acceptance of the amount of the award, absolute title passes to the railroad company. The only question under the peculiar provisions of the statute which remains to be reviewed is the question of the sufficiency of the amount. §11062, GC, provides in detail the duty of the court in the event a new trial is ordered.

Any other rule would create an anomalous situation for the reason that the claimed errors under the preliminary proceedings all touch the right of the Railroad Company to appropriate at all and if there was the right of review on these preliminary questions after acceptance of the award, we would have presented an impossible situation. Under such a rule a reviewing court, in the proper case, might determine that the condemning corporation, under the state of the record, had no right to condemn and dismiss those proceedings. The owner of the property would have in his possession the full amount of the award or to go a little farther, it might be lost through unfortunate investments. The contending corporation would be in the position of having paid the assessed value of the property and yet might not be able to recover.

For the reasons announced, we are not authorized to consider the claimed errors attending the determination of the various preliminary questions.

This brings us to the claimed errors attending the trial to the jury and the fixing of the award. Assignments of errors 6 and 7 are discussed together as follows:

6. FOR IRREGULARITIES IN THE PROCEEDINGS OF THE JURY BY WHICH THESE APPELLANTS WERE PREVENTED FROM HAVING A FAIR TRIAL.

7. MISCONDUCT OF THE JURY BY WHICH THESE APPPELLANTS WERE PREVENTED FROM HAVING A FAIR TRIAL.

These claimed errors are not properly presented to us. We fail to find in the transcript of docket and journal entries the motion for new trial. Neither do we find the affidavits referred to in the briefs and presumably filed in support of the claimed misconduct of the jury. We take it that the omission of these papers is an oversight and that same might be supplied. Even this would not be sufficient if we are correct in the concluson that some factual question was presented through the affidavits. We have held in a Greene County case (Simes v Dayton & Xenia Ry. Co., 1937, unreported) (24 Abs 595), that all factual questions must be presented through a bill of exceptions. No reference is made to question of misconduct of the jury in the bill of exceptions. There is a reference in brief of counsel for the railroad company that the affidavits in question emanated entirely from members of the jury. If this be true, they could not be considered, even if prosecuted in a proper bill of exceptions because of the well known rule that jurors may not impeach their verdicts.

Assignments of error 11a, 11b and 11c are discussed together and read as follows:

11a. THE COURT ERRED IN REFUSING TO ADMIT TESTIMONY OFFERED BY THE APPLICANTS WITH REFERENCE TO THE EXECUTION OF THE OPTION BETWEEN PRIVATE INDIVIDUALS WHOSE AGENCY, ANY, FOR THE RAILROAD COMPANY WAS NOT DISCLOSED AT THE TIME A CONSIDERATION PRICE FOR SAID REAL ESTATE WAS FIXED AND SAID OPTION EXECUTED.

11b. THE COURT ERRED IN REFUSING TO ADMIT TESTIMONY OF THE RENTAL PRICE PAID FOR SIMILAR PROPERTY IN THE SAME NEIGHBORHOOD AND WITHIN REASONABLE LIMIT AS TO TIME AND REFLECTING THE VALUE OF THE REAL ESTATE OF SAID OWNERS WHICH SAID TESTIMONY AND THE PUBLIC RECORD THEREOF WAS OFFERED BY SAID OWNERS.

11c. THE COURT ERRED IN REFUSING TO ADMIT TESTIMONY OFFERED BY SAID OWNERS OF THE PRICE PAID BY SAID APPELLEE TO OTHER INDIVIDUAL OWNERS FOR SIMILAR PROPERTY "N THE NEIGHBORHOOD AND AT ABOUT THE TIME OF THE FILING OF THE PETITION HEREIN.

Through the record it appears that the railroad company was acquiring a number of other properties in the vicinity of the Ornstein property for the purpose of their same general plan. The claim was made that a number of other properties had been purchased outright by the railroad company through a plan of having a representative take options of purchase in his own name and afterwards, when the option would be exercised the deed would be made to the railroad company. Counsel for the owners sought to present in evidence the price at which these other properties were purchased by the railroad company. The Probate Court denied the admission of all testimony of this character. Apparently he relied on the case of Naftzger v State, 24 Oh Ap 183, (5 Abs 326). The opinion was by Judge Washburn of the 9th District, We also find a later case referring to the same subject reported in 33 Oh Ap 102, (7 Abs 719), entitled Muccino v B. & O. R. R. Co. The Court of Appeals in 24 Oh Ap, supra, as well as in 33 Oh Ap supra, followed the rule that evidence as to amount paid by the condemning corporation for other property in the same vicinity was not admissible. The general rule is well recognized and may be stated as follows:

"In appropriation proceedings, evidence of actual sales of other land and price for which they were sold is competent if they are similar in their situation, relative position and other circumsances relating to value and such sales are fair and open in the market."

The theory of denying evidence of prices paid by a condemning corporation for similar property at or near the same time is based on the theory that such sales are affected by an element which does not enter into similar transactions made in the ordinary course of business. On the admissibility of evidence of this character there is a very wide divergence of authority. Counsel in their respective briefs have apparently collected every decision of every jurisdiction favorable to their respective contentions. The Supreme Court of Ohio has not determined as to which line of thought it will adhere. There is a divergence of opinion among the members of our

court as to whether or not we should follow the case of Naftzger v State, supra, or depart from it. However, we are unanimous in the conclusion that the record presents no prejudicial error on this question for the reason, if none other, that the proffer of proof is not sufficient to make manifest the claimed errors. We fail to find in the proffer of proof any showing that the property bought by the railroad company was similar in character so that the price paid could have been of any assistance to the jury in determining the market value on that basis. The proffered evidence, we think, is deficient in that there is a failure to show whether or not there were improvements upon the other premises. The Ornstein lot was a vacant lot and its market value was necessarily based on the land value alone. The value of the other properties may have been enhanced by buildings or other structures erected thereon. Under the state of the record, we are able to find that the option contracts attached as exhibits disclose the lot number and the price to be paid. The plats attached as exhibits will furnish the basis for location of the several lots described in these option contracts or deeds, but search as we may, we are not able to find anything definite as to the character of the improvements, if any. From this situation it becomes apparent at once that without additional facts, we would be unable to conclude that the omission of this evidence would have the probable effect of changing the amount of the award. It is probably true that had this evidence been admitted a further examination of the witnesses would have drawn out in full detail the matters which we now find are omitted. This possibility or even probability is not sufficient. Presumptively the finding of the jury is correct. It devolves upon the complaining party to demonstrate that the error complained of in all probability had an effect upon the jury's determination of an award.

We do not mean to say that the proffer of proof has to be as full and complete as the evidence itself. However, we do say that in order to be prejudicial there must be sufficient proffer to not only show the competency of the testimony but also the possible effect upon the ultimate finding. Under the state of the record there is a very serious question if the evidence attempted to be introduced was competent under any situation. In order for evidence of other sales to be competent it must be shown that such sales were had at or near the time of the fixing of the value of the property in question; that properties were similar in their situation, relative position and other circumstances relating to value and that such sales were fair and open in the market. Unless the record presents these various elements there could be no error in refusing to admit the testimony regardless of what line of thought we follow. The language "similar in situation, relative position and other circumstances relating to value" is very broad and all inclusive. The failure to show the nature and character of the improvements, if any, completely meets all claims of error.

The above observations apply equally to assignments of error 11a, 11b and 11c.

We now pass to a stipulation of error designated as 11d which reads as follows:

11d. THE COURT ERRED IN REFUSING TO ADMIT TEN CHECKS OFFERED IN EVIDENCE BY THE OWNERS BEING PART OF THE SAME TRANSACTION INVOLVING THE PURCHASE PRICE OF THE PROPERTY IN QUESTION PAID BY THE OWNERS AND A PART OF THE EVIDENCE OF WHICH TRANSACTION WAS CALLED FOR BY AND ADMITTED ON BEHALF OF THE APPELLEE.

The transcript of the evidence discloses that the owner Sigmund Ornstein testified on cross-examination that he purchased the premises in question in 1921, the consideration being $112,000.00. This amount was arrived at by paying $10000.00 in cash, assuming a mortgage against the premises in the sum of $40,000.00 and turning back to the owner Goldberg notes representing an indebtedness of $82,000.00. This evidence would not have been competent in chief. It being brought out on cross-examination was in no sense prejudicial to the owners. If the evidence had any effect at all it would certainly have a tendency to add to the value beyond which the condemning corporation had offered. Strictly under the law, it should receive no consideration because too remote in point of time.

We are unable to conclude that the trial court committed any error in refusing to permit the introduction of cancelled checks, which are claimed to be corroborative

of Mr. Ornstein's testimony on cross-examination.

Assignment of error 11e.

11e. THE COURT ERRED IN OVERRULING THE MOTION OF THE OWNERS REQUESTING THE APPELLEE TO PRODUCE CERTAIN BOOKS AND WRITINGS PERTINENT TO THE ISSUES JOINED IN THE TRIAL BEFORE THE COURT AND JURY.

The motion referred to was attempted to be brought under the authority of §11551, GC. If from the record it is apparent that the information thus sought is pertinent to the issue, the court will make an order directing the introduction of such books and records. To some degree the granting of motion is vested in the sound discretion of the trial court. If it should appear that the purpose of the motion · is probably a mere fishing expedition the court in its discretion may decline to grant the order, particularly where claim is made that such books and records may contain other matters not at all germane to the question under consideration. As we understand it the only purpose of this inquiry was to obtain information as to the price paid for other lots contingent to plaintiff's property and intended to be used by the railroad company under its general plans. It seems that this information was available and subsequently was sought to be presented through the introduction of records in the Recorder's office of Franklin County, Ohio. Whatever may have been the purpose or however clear may have been the right of the appellant to have his motion allowed, we may not determine any prejudicial error unless prejudice affirmatively appears. The record does not meet this requirement. Much that was said in discussing assignments of error, 11a, 11b and 11c is applicable.

Assignment of error 11f.

11f. THE COURT ERRED IN SUSTAINING THE MOTIONS TO STRIKE OF THE APPELLEE DIRECTED AT THE SPECIAL ANSWER IN BAR AND INTERROGATORIES ATTACHED THERETO FILED BY THESE APPELLANTS AND IN REFUSING TO HEAR EVIDENCE OFFERED BY THESE APPELLANTS IN SUPPORT OF SAID SPECIAL ANSWER IN BAR.

This ground of error in effect attacks the jurisdiction of the court to proceed to the determination of the award by the jury. On this claim of error, the same principles apply as heretofore discussed, under claimed errors in the preliminary findings and judgment. The property owner by reason of his having applied for and accepted the amount of the award is estopped to raise the jurisdictional question.

Assignment of error 11g.

11g. THE COURT ERRED IN OVERRULING THE MOTION OF APPELLANTS MADE AFTER VERDICT AND BEFORE JUDGMENT ASKING THE COURT TO ADD INTEREST AT THE LEGAL RATE COMPUTED UPON SAID VERDICT FOR THE PERIOD SINCE THE FILING OF THE PETITION IN THE ORIGINAL CASE AND ENTER JUDGMENT FOR THE APPELLANTS IN THE SUM TOTAL OF SAID VERDICT AND INTEREST.

In Ohio the general rule of fixing value of property appropriated under the right of eminent domain is as of the date of the empaneling of the jury. In the instant case the Probate Court was confronted with a very unusual situation. The petition for the appropriation had been filed December, 1929, and through the long-drawn-out litigation the jury to make the award of compensation was not empaneled until 1935. In this interim the entire world was in the throes of a financial depression the like of which had never been known. Prior to the hearing before the jury the trial court made the statement that he would take judicial notice of the depression and its effect on market value of the property sought to be appropriated. In his judgment the situation in 1935 could not possibly reflect the normal market value of the property. There was a serious question if there was any market value at all. Through an exhaustive search the Probate Court had found a well reasoned opinion which he accepted as a precedent in declaring that he would fix the date of the filing of the petition in December 1929, as the time for fixing value, but interest would not be allowed.

Counsel for the Railroad Company announced their intention to except to the expressed intention of the court of taking this case without the general rule and fixing market value as of the date of the filing of petition instead of the date of empaneling the jury. Counsel for the owners

gave notice of desire to except to the expressed intention of the court to not allow interest. These exceptions were preserved throughout the trial.

Following the verdict of the jury, counsel for the owners made formal request that interest be included on the judgment from December, 1929. This same request was carried into the motion for new trial. The request for interest was denied. It was the view of the Probate Court that the award was materially increased by reason of having the value fixed as of December 1929, and that to allow interest in addition would be granting to the property owner an unwarranted amount. Counsel for the respective parties have submitted many decisions from the courts of last resort in other jurisdictions as well as those of the United States Supreme Court. Some Ohio cases are cited but not directly in point. The rule for allowance of interest seems in all cases to date from the time that the property is taken by the condemning corporation or under the existing law, the date it has a right to take. In some states under their legislative enactments there is the right of the condemning corporation to take possession of the property immediately upon their filing the condemnation proceedings, the award of compensation of damages to be fixed later. Under the provisions of the Ohio Code the condemning corporation does not have the right to take possession of the property until after a jury, duly empaneled, has fixed the value of the property, the court has affirmed the award and the amount has been paid into court. The railroad company in the instant case paid into court the amount of the award very promptly following the affirmance by the Probate Court. We find no authority for the allowance of interest under the facts of the instant case in the light of the provisions of the Ohio Code.

Specification of error 12.

12. THE COURT ERRED IN ITS GENERAL CHARGE TO THE JURY.

The specific ground of complaint is the statement of the trial court in its charge as follows, "Parties having failed to agree as to what is full compensation." The claim is made that this statement of fact by the court is not supported by the record. This claimed error could have no effect upon the determination of the amount of the award by the jury and for that reason the question may not be considered at this time.

Specification of error 13.

13. THE COURT ERRED IN REFUSING TO GIVE TO THE JURY THE SPECIAL CHARGE IN WRITING BEFORE ARGUMENT, ASKED FOR BY THE APPELLANTS.

Request No. 4 was purely abstract and hence was within the sound discretion of the court as to whether or not he would give it. The law is well recognized that error may not be predicated upon a refusal of the court to give purely abstract charges.

Special request No. 6 requested that the jury, in addition to their award, add interest at 6% from December, 1929, until the date of the return of the verdict. For reasons heretofore stated in discussion on the question of interest, we hold that the trial court did not err in refusing to give such charge.

Specifications of error. 14, 15, 16. 17 and 18.

14. THE COURT ERRED IN OVERRULING APPELLANTS' MOTION FOR NEW TRIAL FILED AT THE END OF THE PRELIMINARY HEARING AND AT THE CONCLUSION OF THE TRIAL BEFORE THE JURY.

15. THE COURT ERRED IN ADMITTING EVIDENCE AT THE TRIAL BEFORE THE JURY OVER THE OBJECTIONS OF THE APPELLANTS.

16. THE COURT ERRED IN REFUSING TO ADMIT EVIDENCE AT THE TRIAL BY THE JURY OFFERED BY THE APPELLANTS.

17. THAT SAID JUDGMENT IS CONTRARY TO LAW AND AGAINST THE WEIGHT OF THE EVIDENCE.

18. FOR OTHER ERRORS APPARENT ON THE FACE OF THE RECORD IN REFERENCE TO BOTH THE PRELIMINARY HEARING AND THE TRIAL BEFORE THE JURY, PREJUDICIAL TO THE RIGHTS OF THE APPELLANTS.

The above specifications 14 to 18, inclusive, are not discussed in detail in the brief of counsel for appellant and therefore we will do no more than to make a general reference. In reality these claimed errors are no more than a summarization of the ones preceding. Each of the errors is overruled.

We now turn back to specifications 8, 9 and 10, which we think should be considered last rather than in the order appearing in the brief of counsel for appellant.

Specifications of error 8, 9 and 10.

8. THE VERDICT AND JUDGMENT AWARDS INADEQUATE COMPENSATION TO THE OWNERS FOR THE PROPERTY APPROPRIATED AND IS AGAINST THE EVIDENCE AND THE MANIFEST INTERPRETATION AND WEIGHT THEREOF.

9. THE VERDICT AND JUDGMENT FIXING THE COMPENSATION TO SAID OWNERS AWARDED BY SAID JURY IS NOT JUST AND IS NOT SUSTAINED BY THE EVIDENCE.

10. THE VERDICT AND JUDGMENT FIXING THE COMPENSATION TO SAID OWNERS IS CONTRARY TO LAW.

Upon this question of value the evidence is very much in conflict. The jury was in a much better position to determine the weight to be given to the evidence of the various witnesses than can a reviewing court. The trial court also had the advantage of having seen and heard the numerous witnesses. One reviewing court has affirmed.

We do not think, that under the well recognized rule as to the duties of reviewing courts, that we should disturb the finding of the jury.

Finding no prejudicial error, the finding and judgment of the court below will be affirmed and the cause remanded to the lower court for such action as may be required under the law.

Costs are adjudged against the appellant.

Exceptions are allowed.

HORNBECK and GEIGER, JJ, concur.