## MUSKINGUM WATERSHED

### CONSERVANCY DISTRICT, In re

Ohio Appeals, 5th Dist, Tuscarawas Co

· Decided April 28, 1939

Robert L. Carr, Mt Vernon, for appellants.

· Wilkin, Fisher & Limbach, New Philadelphia, for appellee.

## OPINION

By LEMERT, J.

Earl Darling and Mary Darling, the appellants in the above described proceeding, who have appealed the decision of the Common Pleas Court (Conservancy Division) rendered December 5, 1938, file this their assignment of errors as follows:

1. The court completely ignored the provisions of §8305, GC as to when judgments draw interest.

2. The decision as rendered does not grant to defendants their rights as defined by Art. I, Sec. 19, of the Constitution of Ohio, and the Fifth Amendment to the Constitution of the United States.

On February 26, 1936, there was filed in the office of the clerk of courts of Tuscarawas County, Ohio, the conservancy appraisal record of Muskingum Watershed Conservancy District in accordance with §6828-30, GC. Included among the properties listed in said appraisal record as necessary to be acquired by the Conservancy District in carrying out its official plan was certain property of the appellants, Earl M. and Mary Darling, located in Knox County, Ohio, and appraised at Six Thousand Four Hundred Sixteen Dollars, ($6,416.00).

On March 23, 1936, the appellants filed exceptions to the appraisal of their property in said appraisal record, which exceptions were filed in accordance with the provisions of §6828-32, GC.

On November 21, 1936, the Conservancy Court, composed of one Common Pleas judge from each county in the Muskingum Watershed Conservancy District, overruled the exceptions of the appellants and confirmed the appraisal record, including the aforesaid appraisal of the appellants' property.

Thereafter, on December 1, 1936, the appellants filed in Case No. 21669 in the Common Pleas Court of Tuscarawas County, and being the proceedings in which said appraisal record was filed, their written notice making demand for a jury trial and appeal bond in the sum of One Hundred Dollars ($100.00) in

accordance with the provisions of §6828-34, GC.

On January 5, 1937, the Conservancy Court, in accordance with the provisions of §6828-34, entered an order requiring the directors of Muskingum Watershed Conservancy District to begin condemnation proceedings according to law in the county where the lands of the appellants were situated, in which the amount of compensation to be given them for their property would be determined by jury.

In accordance with the order of the Conservancy Court of January 5, 1937, the directors of Muskingum Watershed Conservancy District, on March 6, 1937, filed in the Common Pleas Court of Knox County their petition against the appellants herein for the appropriation of their property as described in said appraisal record.

Trial was had in said case in the Common Pleas Court of Knox County and on April 5, 1937, the jury returned a verdict in the sum of Twelve Thousand Five Hundred Dollars, ($12,500.00), as compensation for the land to be appropriated for the Conservancy District.

On May 24, 1937, the Common Pleas Court of Knox County entered a judgment confirming the said verdict of the jury.

From the judgment of the Common Pleas Court of Knox County confirming said verdict, the Conservancy District appealed to this court as the Court of Appeals of Knox County. On November 20, 1937, as said Court of Appeals of Knox County, this court affirmed the judgment of the Common Pleas Court of Knox County.

Thereafter, the Conservancy District filed in the Supreme Court of the state of Ohio its motion to certify the record of said case, which motion was overruled by the Supreme Court by entry filed January 26, 1938.

Thereafter, on May 9, 1938, the clerk of Common Pleas Court of Knox County certified to the clerk of Common Pleas Court of Tuscarawas county a copy of the entry of May 24, 1937, confirming the verdict of the jury in the case in Knox County, and also copies of the final entries in the Court of Appeals and Supreme Court. These certified copies reached the clerk of courts of Tuscarawas County May 10, 1938, and were duly filed that day, all of which was done in accordance with the provisions of §6828-36, GC.

Thereafter, the clerk of Common Pleas Court of Tuscarawas County, in further compliance with the terms of §6828-36, on June 7, 1938, certified to the secretary of said Conservancy District a copy of the entry of the Common Pleas Court of Knox County confirming the verdict of the jury.

One month later, on July 7, 1938, the directors of Muskingum Watershed Conservancy District paid to the clerk of courts of Tuscarawas County, as clerk of the Conservancy Court, the sum of Twelve Thousand Five Hundred Dollars ($12,500.00) in payment of the verdict and the further sum of Four Hundred Thirty Dollars ($430.00), being the amount of the court costs incurred in connection with said case.

On the same day, the directors of the Conservancy District filed with the Conservancy Court their application for confirmation of title and an order admitting the Conservancy District into possession of the real estate involved.

When this application came on for hearing to the three-judge committee of the Conservancy Court, having jurisdiction thereof under §6828-5, GC, the appellants, Earl and Mary M. Darling, through their counsel, objected to entry of an order confirming the district's title and right to possession for the reason that the directors of the district had paid into court only the original amount of the verdict and they contended that before the order confirming title and granting right to possession was entered, the district should be required to also pay into court interest at six per cent (6%) on the verdict of Twelve Thousand Five Hundred Dollars ($12,500.00) from the date the same was confirmed by the Common Pleas Court of Knox County; to-wit, May 24, 1937, to the date the sum of Twelve Thousand Five Hundred Dollars ($12,500.00) was paid into the Con-

servancy Court; to-wit, July 7, 1938.

On September 7, 1938, the three-judge committee of the Conservancy Court, by and with the consent of the appellants, entered an order confirming the district's title and granting it the right to possession of the property, and reserved for further consideration by the full Conservancy Court the question of whether or not the land owners were entitled to such interest.

After briefs of both parties had been presented to the court and the matter orally argued, the full Conservancy Court determined the question of interest in favor of the Conservancy District and, by entry filed December 3, 1938, ruled that the law did not require the Conservancy District to pay interest on the verdict as contended by the appellants. From this last mentioned order of the Conservancy Court, this appeal was taken by the land owners, Earl Darling and Mary M. Darling.

The question, therefore, which is being presented to this court by these proceedings is, whether or not a verdict rendered by a jury in a case appealed under §6828-34, GC, from the confirmation of the appraisal record by the Conservancy Court bears interest from the date such verdict is confirmed by the local trial court to the time the amount of the verdict is paid into the Conservancy Court in accordance with the provisions of §6828-35.

At the very outset of this case we note that the Conservancy District did not have title or possession of the premises during the time between the rendition of the verdict and the payment of the amount of the verdict into the Conservancy Court, and further note that it could not have had such title or possession without violating both the constitution of the state of Ohio and the Conservancy Act.

Article I, Sec. 19, of the Constitution of the State of Ohio provides:

"Private property shall ever be held inviolate but subservient to the public welfare. When taken in time of war or other public exigency, imperatively requiring its immediate seizure or for the purpose of making or repairing roads, which shall be open to the public, without charge, a compensation shall be made to the owner, in money: and in all other cases, where private property shall be taken for public use, a compensation therefore shall first be made in money, or first secured by a deposit of money; and such compensation shall be assessed by a jury, without deduction for benefits to any property of the owner."

In accordance with said provision of the constitution to the effect that where private property is taken for public use, compensation must first be made therefor, the legislature, in drafting the Conservancy Act of Ohio. (6828-1 to 6828-79, GC, incl.) provided in §6828-35 as follows:

"No property shall be taken under this chapter until compensation has been paid according to law. But where a trial is had by jury, and a verdict has been rendered which has been confirmed by the trial court, the board of directors may pay the amount allowed into court in money with the costs, and thereupon such court shall make an order admitting the said district into possession of the property and confirming its title thereto, although the owner may take steps to take the case to a higher court. And thereupon the board of directors may enter into undisturbed possession of the property and rights involved."

Since the constitution of Ohio and §6828-35 both provide that before the district can have full title to or possession of property appropriated, it must pay into court the amount awarded by the jury.

The appellants' theory of this case is that the Conservancy District had the right to enter and take possession of this property immediately upon the confirmation of the verdict of the jury. We believe this theory to be incorrect. What the district had was a right to pay the amount of verdict at any time

and then, upon the making of such payment; the district would have become vested with the right to enter and take possession. The distinguishing feature of all the cases cited in this action depends upon whether the right to enter and take possession vests immediately upon the confirmation of the verdict or whether some additional thing must first be done before that right to enter and take possession accrues. Under the law of Ohio an additional thing must be done. That thing is the payment of the amount of the verdict into court.

In the case of the **Miami Conservancy District v Bowers, 100 Oh St 317**, we have the following:

"The action of the board of appraisers, even when confirmed by the court, could not deprive the property owner of the rights guaranteed to him by the constitution. Indeed, the conservancy act throughout all its provisions recognizes such right of the owner, and seems to proceed upon the theory, which is the only correct one, that his property belongs to him with no right in the district to molest it until a determination of its value by a jury and the payment or deposit of the amount of compensation awarded."

In the case of **City of Cincinnati, 60 O. D., Reprint, 311**, it is held:

"Interest is not allowed in condemnation proceedings unless possession be taken."

In this case it was held to be error to allow interest on the damages from the date the condemnation proceedings were commenced, as the owner had in the meantime retained possession.

Another very interesting and controlling case is the case of **Ornstein v Chesapeake & Ohio Railroad Company**, found in **26 Abs, p. 78**:

"Under the provisions of the Ohio Code the condemning corporation does not have the right to take possession of the property until after a jury, duly empaneled, has fixed the value of the property, the court has affirmed the award and the amount has been paid into court."

Syllabus 14 of that case reads:

"The allowance of interest dates from the time the property is taken by the condemning corporation, or under the existing law from the date it has a right to take."

Syllabus 15:

"The condemning corporation does not have the right to take possession of the property until after a jury, duly empaneled, has fixed the value thereof, the court has affirmed the award and the amount has been paid into court."

We have examined a long line of authorities outside of the state of Ohio which follow the same theory as that which has been adopted by the Ohio courts.

Attention has also been given to a line of Federal authorities, which we deem it unnecessary to quote in this opinion, which hold that interest on compensation payable in condemnation proceedings runs from time the land is taken. We quote from the United States Circuit Court of Appeals, Sixth Circuit, 91 Fed., 2nd Edition, 884. The 26th paragraph of the syllabus of this case reads as follows:

"Land owners were not entitled to interest on award for land condemned by federal government from time of filing of condemnation petition, where government did not take actual possession of land at that time or simultaneously file declaration of taking, since land owners are entitled, as part of compensation, to interest on confirmed award only from time when government takes actual possession."

It therefore follows that this court can not escape the conclusion that there is no obligation upon the Conservancy District to pay interest upon

the verdict in this case during the period that the case was being appealed to the Court of Appeals and the Supreme Court, because during that time the district had not, and under the Constitution and statutes of Ohio, could not have taken possession of the premises for the reason that it had not paid the amount of the verdict and the land owner therefore remained in full and complete control of his property. It would be unfair and unjust and certainly contrary to good public policy to permit the land owner to retain the use and full profits of his land and at the same time require the public to pay the land owner interest on the amount of the award in the appropriation suit.

It is our opinion that the judgment of the Conservancy Court, finding that the Conservancy District was entitled to confirmation of its title and right to possession upon the payment of the amount of the verdict without interest thereon, was in accordance with the law of this state and all well reasoned authorities in other jurisdictions where the constitutional and statutory provisions regarding the time that title passes and right to possession accrues are similar to those contained in the Constitution and statutes of the state of Ohio.

It therefore follows that the judgment of the Conservancy Court will be and the same is hereby affirmed.

SHERICK, PJ. & MONTGOMERY, J., concur.