CITY OF KETTERING, APPELLANT AND CROSS-APPELLEE, *v.* JOHNSON, APPELLEE AND CROSS-APPELLANT.

(No. 2667—Decided May 5, 1962.)

*Mr. Glen E. Mumpower*, for appellant and cross-appellee.
*Messrs. Coolidge, Wall & Wood*, for appellee and cross-appellant.

CRAWFORD, P. J. The plaintiff, city of Kettering, appellant and cross-appellee herein, appropriated as a site for a munic-

ipal building and related uses a tract of land consisting of 8.23 acres belonging to the defendant, W. D. Johnson, appellee and cross-appellant herein. On May 16, 1961, the jury returned its verdict assessing the value of the land to be taken and damages to the residue at a total of $120,000. On May 23 an entry on the verdict was filed, and on July 21 plaintiff's motion for a new trial was overruled.

Plaintiff appealed to this court but subsequently, on November 21, 1961, paid the amount of the assessment and had its appeal dismissed. An order of distribution was entered promptly thereafter.

But the defendant reserved his rights under his cross-appeal. He had moved for the allowance of interest upon the judgment from the date of its entry. This motion was overruled on August 16, 1961. It was from that ruling that he took a cross-appeal on questions of law. Upon that appeal the question is now presented to us whether the court erred in overruling the motion for interest.

Defendant's counsel frankly concedes that there is no Ohio statute or decision to support his contention. He points out, however, that the Supreme Court has not passed upon the question, that the authorities outside the state are divided, and that there are just grounds for his claim.

He says that the requirement of ''a compensation'' established by Section 19, Article I of the Constitution of Ohio, often referred to as ''just compensation,'' is not met unless there is an allowance of interest. He asserts the following considerations in support of his claim: That from the time of service of summons the doctrine of *lis pendens*, as stated in Section 2703.26, Revised Code, applies; that an owner is thereby deprived of the usual attributes of ownership; that he cannot advantageously sell, lease or use his property; that he is put to the expense of hiring appraisers, engineers and attorneys and must devote his own time and effort in obtaining the compensation to which he is legally and justly entitled; that he suffers the disadvantage of having to submit his case to a jury of taxpayers who may be reminded that upon them will rest some of the burden of compensating him; and that, although under Section 719.21, Revised Code, the city is allowed a period of six months after the assessment of compensation within which to decide

whether to accept the property and pay the amount of the assessment, the landowner is paid nothing for waiting out this compulsory "option."

On the other hand, the city's counsel argues that, although the damages awarded contemplate the future effect upon the residue, the owner receives immediate or early payment; that the city might have decided not to take the property at all, in which event it would never have become obligated to pay even the principal amount of the assessment; and that it is unjust to charge the city interest until it enjoys possession of the property.

He advances other arguments based upon claimed facts which are not demonstrated by a bill of exceptions and which must, therefore, remain theoretical and illustrative only. These are that this property is vacant land which has been substantially unchanged for approximately 30 years, so that interest would provide an income from the property for the first time; and that defendant has aggravated his own claimed injury by delaying the trial of the case (for which delay, it should be added, he argues justification).

There can be no question that many of the hardships and vexations urged in support of the interest claim bear heavily upon a landowner. On the other hand, it is hardly reasonable to charge the purchaser, in this case the city, with interest on the purchase price until it has come into possession of the property. The landowner's counsel concedes that there may be cases in which the income from the property is reduced little, if any, by the litigation and the pendency of the proceedings. In many, and perhaps most, cases there may be elements of damage involved prior to the taking and payment. But the allowance of interest would appear an illogical and inaccurate method of compensating for them. Interest is rental for the money of another; damages are compensation for injury. Perhaps damages properly recoverable in condemnation cases should include these burdens upon the property taken before possession and title have changed and the money has been paid, but the allowance of interest is not the correct method or measure to be applied.

The trend of Ohio cases is in harmony with this view. The syllabus of *In re Muskingum Watershed Conservancy District,* 62 Ohio App., 535, reads;

"A verdict rendered by a jury in a case appealed under Section 6828-34, General Code, from the confirmation of an appraisal record by a conservancy court does not bear interest from the date such verdict is confirmed by the local trial court to the time the amount of the verdict is paid into the conservancy court in accordance with the provisions of Section 6828-35, General Code."

A statute there involved was similar to Section 719.16, Revised Code, which is applicable here, in that payment of compensation must precede possession.

That court cited the case of *Miami Conservancy District* v. *Bowers*, 100 Ohio St., 317, in support of the principle that the right to possession is dependent upon payment.

This principle is embodied in the Ohio Constitution, Section 19, Article I of which, provides:

"Private property shall ever be held inviolate, but subservient to the public welfare.  * * * where private property shall be taken for public use, *a compensation therefor shall first be made* in money, or first secured by a deposit of money * * *."  (Emphasis added.)

In the *Muskingum Watershed case* the court cited the case of *City of Cincinnati* v. *English*, 6 Dec. Rep., 972, from which it quoted:

"Interest is not allowed in condemnation proceedings unless possession be taken."

In the *English case* the court cited *Atlantic & Great Western Ry. Co.* v. *Koblentz*, 21 Ohio St., 334, in which interest was allowed from the time of taking possession where the compensation, although paid into court, was not available to the owner. In the present case, when the money was paid the appeal was dismissed and distribution promptly ordered.

The case of *Ornstein* v. *Chesapeake & Ohio Rd. Co.*, 26 Ohio Law Abs., 78, decided by this court, involved a similar request for interest.  In denying the request, Barnes, P. J., speaking for the court, said:

"The rule for allowance of *interest seems in all cases to date from the time that the property is taken* by the condemning corporation or under the existing law, the date it has a right to take. * * * Under the provisions of the Ohio Code the *condemning corporation does not have the right to take possession* of the

property *until* after a jury, duly empaneled, has fixed the value of the property, the court has affirmed the award and *the amount has been paid into court.*'' (Emphasis added.)

In the case of *City of Cincinnati* v. *Smallwood*, 106 Ohio App., 496, the court decided that the general provision of Section 1309.03, Revised Code, providing for interest on judgments, does not apply in condemnations by municipal corporations under Chapter 719, Revised Code. The second and third paragraphs of the syllabus read:

''2. Section 1309.03, Revised Code, providing the rate of interest upon judgments, applies only to orders of court creating the relation of judgment debtor and judgment creditor, and which orders must be definite; and the order of a court in an appropriation proceeding does not come within the purview of such statute.

''3. Where, in a proceeding by a municipal corporation to appropriate private property, there is no evidence of a taking of such property by the municipal corporation prior to the deposit of the assessed value thereof, the property owner is not entitled to an allowance of interest from the date of the judgment on the verdict to the date of such deposit.''

We conclude that the courts of Ohio are inclined to the same view which we expressed above. It follows, therefore, that the Court of Common Pleas properly denied the landowner's application for interest.

The judgment is affirmed.

*Judgment affirmed.*

KERNS and SHERER, JJ., concur.